Dewey L. MERCER d/b/a Mercer Home Care Service, Petitioner,

v.

R. C. HARDY, Respondent.

No. B–1507.

Supreme Court of Texas.

July 23, 1969.

Rehearing Denied Oct. 1, 1969.

**594**

Atchley, Russèll, Hutchinson & Waldrop, Stephen Oden, Texarkana, for petitioner.

Talbert, Giessel, Barnett & Stone, John Mustachio, Houston, Carney & Mays, Howard Carney, Atlanta, for respondent.

GREENHILL, Justice.

This damage suit involves the construction of a written contract for the removal of a standing brick wall and other debris from the site of a burned building. R. C. Hardy owned a two-story brick building located in the City of Atlanta, Texas. The building burned on October 31, 1966. A rear wall of Hardy's building that abutted a building owned by C. A. Martin remained standing. On November 7, 1966, Hardy entered into a written contract with Dewey Mercer which provided that Mercer was to remove the debris within 90 days and was to retain all of the salvageable material in payment for the work. Paragraphs 5 and 8 of the contract provided as follows:

> 5. "Party of the Second Part [Mercer] agrees that he will be in full charge of the removing of the material, bricks and other substances off the lots and that he, his agents and servants will be liable and responsible for all damage done to other property adjoining the property of the Party of the First Part [Hardy], and shall be responsible and liable for any damage done to any person that might be injured while said material is being removed.

> 8. "Party of the Second Part [Mercer] agrees that he will assume all liability of removing the brick walls, fallen bricks, lumber and other substances on the lots and hereby assumes all risk

involved therein to other property or persons while same is being removed."

On the night of November 9, the upper part of Hardy's wall collapsed during a windstorm and fell through the roof of Martin's building. Mercer had not yet entered upon the premises to begin work under the contract, though he was preparing to begin work and had moved some of his equipment near the building site.

Martin sued Hardy and Mercer for damages to the Martin building. Hardy sought indemnity from Mercer in the event that Hardy should be found liable to Martin. Trial was to a jury, and the jury found that Hardy's failure to shore up the brick wall and his failure to remove the wall were negligence and a proximate cause of Martin's damages, which were found to be $8,000. The jury failed to find Mercer negligent for not shoring up, or for not removing, the wall prior to its collapse.

The trial court entered judgment for Martin against Hardy for $8,000 on the jury's verdict, but denied Martin relief against defendant Mercer. In addition, Hardy was denied indemnity from Mercer. The Court of Civil Appeals affirmed the trial court's judgment insofar as it allowed Martin recovery against Hardy, but reversed that part of the judgment denying Hardy indemnity from Mercer and rendered judgment awarding Hardy full indemnity. 439 S.W.2d 389. Mercer is petitioner in this Court, and the only points brought to us concern the indemnity dispute between Hardy and Mercer.

Since Mercer was exonerated by the jury of any fault in connection with the collapse of the wall, he would have no obligation to indemnify Hardy unless he contracted to do so. Hardy contends that by virtue of paragraph 5 of the contract, quoted above, Mercer agreed to indemnify Hardy against all damages resulting to property adjoining Hardy's premises, even if that damage was a result of his (Hardy's) own negligence. Mercer vigorously disagrees with that construction of para-

graph 5, and both parties have devoted a great part of their argument to the question whether such paragraph is or is not an indemnity provision. See City of Beaumont v. Graham, 441 S.W.2d 829 (Tex.Sup. 1969); Ohio Oil Co. v. Smith, 365 S.W.2d 621 (Tex.Sup.1963); Brown & Root, Inc. v. Service Painting Company of Beaumont, 437 S.W.2d 630 (Tex.Civ.App.1969, writ refused).

We will assume, without deciding, that paragraph 5, as well as paragraph 8, are indemnity provisions, and that they were intended to indemnify Hardy against damages resulting from his own negligence. Nevertheless, the two paragraphs, by their own terms, preclude Hardy from being indemnified by Mercer under the facts of this case.

As stated previously, before the wall collapsed, Mercer had not yet entered upon the premises to begin work under the contract. In other words, he had not yet begun to remove any of the "material, bricks and other substances" that he was required to remove within ninety days. Under paragraph 5, Mercer agreed only to be liable for damage to other property which occurred "while said material is being removed." Since the damage to Martin's adjoining property did not occur while the brick wall and other debris were being removed, it follows that paragraph 5, even if it can properly be considered an indemnity provision, does not require Mercer to indemnify Hardy for the loss in question.

Hardy contends that the phrase, "while said material is being removed," modifies only the clause of paragraph 5 in which it is stated that Mercer shall be liable for any damage done to any *person;* and that there is no qualification of the statement in the other clause of the paragraph that Mercer will be liable for damage to other *property* adjoining Hardy's premises. But under that construction of paragraph 5, Mercer's obligation to indemnify Hardy for property damage would commence from the date the contract was executed, while his liability for personal injuries would not commence until he had begun work. The parties cannot be presumed to have intended such an arbitrary distinction; and, in fact, it appears from another paragraph of the contract that this was not their intention. Paragraph 8 of the contract, also quoted above, states that Mercer was to assume all liability of removing the brick wall and other debris, and "all risk involved therein to other property or persons while same is being removed." Apparently inconsistent provisions of a contract must be harmonized if possible in order to effectuate the intention of the parties, and "an interpretation will not be given to one part of a contract which will annul another part of it." 17A C.J.S. Contracts § 309, pp. 165–66.

It is our opinion that the intention of the parties as gathered from the entire instrument was that Mercer would not be liable for any property damage unless it accrued after the time that removal operations had commenced. Since the property damage in this case occurred before the removal work commenced, it follows that Mercer is not obligated under the contract to indemnify Hardy.

As we have stated, there is a serious question as to whether the contract was one of indemnity and whether it was broad enough to amount to a contract to indemnify Hardy against his own negligence. Under our holding, it is unnecessary to reach these points. See City of Beaumont v. Graham, 441 S.W.2d 829 (Tex.Sup.1969); Ohio Oil Co. v. Smith, 365 S.W.2d 621 (Tex.Sup.1963); Brown & Root, Inc. v. Service Painting Company of Beaumont, 437 S.W.2d 630 (Tex.Civ.App.1969, writ refused).

That portion of the judgment of the Court of Civil Appeals, not brought to us, which upholds the judgment of Martin against Hardy is affirmed. That portion of the judgment of the Court of Civil Appeals which allowed Hardy indemnity from Mercer is reversed; and the judgment of the trial court is affirmed.