### 47962. ANKEN CONSTRUCTION COMPANY v. ARTISTIC ORNAMENTAL IRON COMPANY, INC.

STOLZ, Judge. Appellant (Anken), a general contractor, and appellee (Artistic), a subcontractor, were parties to two contracts under which Artistic was to furnish and install certain decorative iron railing and iron risers on an apartment construction project of Anken's. At the completion of the work, Artistic billed Anken for all unpaid invoices. Anken refused to pay the amount of the invoices and requested that representatives of both companies inspect the work and make field measurements to determine the amount of railing and number of risers used by lineal foot and the number of units respectively as specified in the contracts as the method to determine the amount owed. The field measurements were made, after which no further bill or communication was sent by Artistic to Anken until this action was initiated by Artistic based on the unpaid invoices previously billed.

At the trial of the case, the evidence showed that the invoices included charges for sales tax and material damaged or stolen on the project site; that there were no disagreements over the field measurements and the amount of material installed under the contracts, but there was disagreement as to the number of risers installed. The contracts provided for payment on a lineal foot basis for railing and a unit price for risers and for these matters to be determined by Artistic's representative and the project superintendent upon the completion of each building. They further provided that Artistic was to be responsible for the safety

of its materials and was to pay all sales tax. Anken paid a total of $22,112.11 to Artistic under the contracts. Both parties agreed that there was money owed by Anken to Artistic; Anken contended only $1,733.09, whereas Artistic claimed $6,485.43 plus 25% attorney fees. The trial judge, sitting without a jury, found for Artistic in the amount of $5,741.53. The issue presented is whether the amount owed by Anken is to be determined by Artistic's invoices or by the terms of the contracts.

In its complaint, Artistic did not base its claim upon existence of the contracts. In its answer, Anken did not plead the contract as a defense, but simply denied the plaintiff's claim.

At the trial the contracts were introduced into evidence without objection and were properly before the court in determining the rights of the parties. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Code Ann. § 81A-115 (b) (Ga. L. 1966, pp. 609, 627; as amended, Ga. L. 1972, pp. 689, 694). Artistic contends that this suit is one on account, based upon the goods and services furnished by Artistic to Anken under a specific contract at the contract price. Artistic further contends that, since the contract was not declared on (pleaded), its breach does not constitute the cause of action, but that the contract can be used merely as evidence of the indebtedness, relying on *Chatham Abattoir &c. Co. v. H. K. Painter Engineering Co.,* 28 Ga. App. 383 (1) (111 SE 82). Appellant agrees that the contract controls, and insists that its provisions control the amount due.

There are several weaknesses in Artistic's position with regard to the contract. First, when the contracts were introduced into evidence (and the uncontroverted evidence was that the contracts formed the basis of the relationship between the parties), they were bound thereby and the action was converted from a suit on account to one controlled by the contracts. Second, while the breach of the contract did not constitute the cause of action (the only issue being the *balance* owed), the contracts, nevertheless, are determinative of the amount owed thereunder.

" 'Parties who labor under no disabilities may contract on their own terms, and if there is no fraud or mistake, and the terms are not illegal or contrary to public policy, they must abide the contract . . .' " *Commercial Mortgage &c. Corp. v. Greenwich Savings Bank,* 112 Ga. App. 388, 390 (145 SE2d 249). The record conclusively shows that the contracts were in full force and

effect. The parties and the trial court were bound by their terms in determining the rights of the parties.

The judgment of the trial court in favor of Artistic in the amount of $5,741.53, is contrary to the evidence and is erroneous as a matter of law. The amount of the judgment was arrived at by subtracting the amount of the sales tax ($743.90) shown on the invoices from the total amount of the invoices ($6,485.43). The contracts provided that Artistic was to be responsible for all such taxes, thus indicating the trial court's reliance thereon. However, the contracts provided that payment was to be based on the following prices for rails installed on the project site: balcony rails at $2.40 per lineal foot; louver rails at $2.80 per lineal foot; stair rails at $2.80 per lineal foot; and risers at $7 per riser. The contracts provided that the lineal footage was "to be field measured and risers to be counted by Sub-contractor Representative [Artistic] and Project Superintendent [Anken] upon completion of each building." The field measurement showed the installation of 4,122 lineal feet of balcony rails, 252 lineal feet of louver rails, and 2,181 lineal feet of stair rails. The evidence was disputed as to the number of risers installed, Artistic contending 1088, Anken 1020. This constitutes an issue of fact which this court cannot resolve. Accordingly, the case is reversed and remanded to the trial court for a new trial.

*Judgment reversed. Eberhardt, P. J., concurs. Pannell J., concurs in the judgment only.*

ARGUED MARCH 7, 1973 — DECIDED MAY 2, 1973.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, John C. Lovett,* for appellant.

*Howard, Howard & Hall, William V. Hall, Jr.,* for appellee.