**BARGAINTOWN OF D. C., INC., Appellant,**

v.

**FEDERAL ENGINEERING COMPANY, INC., OF WASHINGTON, D. C., et al., Appellees.**

No. 6503.

District of Columbia Court of Appeals.

Argued April 2, 1973.

Decided Aug. 21, 1973.

M. Michael Cramer, Washington, D.C., for appellant.

Anthony E. Grimaldi, Washington, D. C., for appellees.

Before GALLAGHER, PAIR and YEAGLEY, Associate Judges.

GALLAGHER, Associate Judge:

Plaintiff Bargaintown, a relatively large retailer in the central city, purchased a burglar alarm service from defendant Federal Engineering Company. Included in the contract between these corporations was the clause:

> The subscriber agrees that the Contractor is not an insurer and the payments hereinbefore named are based

solely upon the value of the equipment, installation and services to be rendered, and in case of failure to perform such service and a resulting loss, the liability hereunder shall be limited to and fixed at the sum of Twenty-five ($25.00) which is hereby agreed upon as liquidated damages, and not as a penalty, and this liability shall be exclusive.

Bargaintown was later burglarized and sustained a substantial loss of merchandise. Bargaintown filed suit claiming, essentially, that the loss resulted from defendant's negligence in the installation and maintenance of the alarm system and performance of the service under the contract. The terms of the contract were payment of $525.00 upon installation of the alarm equipment and a monthly charge of $35.-00.[1] The trial court directed a verdict in the amount of $25.00 in favor of Bargaintown in accordance with the terms of the contract. In so doing, the trial court entered a comprehensive memorandum opinion (Daily Wash.Law Rptr., Vol. 100, No. 94, page 933) concluding that a *prima facie* case of negligence in the performance of the contract and proof of loss in excess of $25.00 had been established; and that the valid limit of liability under the contract was $25.00. In so ruling, the trial court relied principally upon Better Food Markets, Inc. v. American District Telegraph Co., 40 Cal.2d 179, 253 P.2d 10 (1953).

On appeal, Bargaintown argues that (a) the clause limiting damages to $25.00 amounted to a penalty rather than liquidated damages and hence should not be enforced and (b) the liquidated damages provision of the contract was unconscionable as there was no other alternative but to accept this provision. Essentially, Bargaintown argues it should have been permitted to recover damages in the amount of the entire loss resulting from the stolen merchandise.

In agreements of this nature, at the time the contract is executed it is not practicable to fix actual damage from a breach of the contract. Furthermore, it would also be unpredictable what portion of a loss would be attributable to a failure to perform the services agreed upon. Better Food Markets, Inc. v. American District Telegraph Co., *supra;* Atkinson et al. v. Pacific Fire Extinguisher Co., 40 Cal.2d 192, 253 P.2d 18 (1953); Niccoli v. Denver Burglar Alarm, Inc., 490 P.2d 304 (Colo. App., 1971); Shaer Shoe Corp. v. Granite State Alarm, Inc., 262 A.2d 285 (N.H., 1970); Schepps v. American District Telegraph Co. of Texas, 286 S.W.2d 684 (Tex. Civ.App., 1956).

The contract does not provide for liability arising from losses resulting from burglary but, rather, it is directed to damages from failure to perform the agreed services. Defendant could hardly be expected to assume the responsibilities arising under a burglary insurance policy. The contract specifically provided that defendant was not an insurer. The trial court found Bargaintown purchased a partial burglar alarm system rather than an insurance policy for reasons of economy. In so doing, the two corporate parties to this litigation agreed to a provision for liquidated damages for failure to perform the contractual services. Under the circumstances of this case, we see no reason not to enforce this contractual provision. Better Food Markets, Inc. v. American District Telegraph Co., *supra;* Atkinson et al. v. Pacific Fire Extinguisher Co., *supra;* Niccoli v. Denver Burglar Alarm, Inc., *supra;* Shaer Shoe Corp. v. Granite State Alarm, Inc., *supra;* Schepps v. American District Telegraph Co. of Texas, *supra.*

Lastly, in this corporate setting and on these facts we see no merit to Bargaintown's contention that the liquidated damages provision was unconscionable.

Affirmed.

---

1. The copy of the contract in the record was indistinctly reproduced, but the figure appears to be either $30.00 or $35.00 per month.