### 53504. WORTH v. ORKIN EXTERMINATING COMPANY, INC. et al.

SHULMAN, Judge.

In 1969, plaintiff entered into a written contract with defendant Orkin for termite control treatment of his home. Defendant Johnson was Orkin's representative during the transaction. The contract called for reinspection and retreatment as necessary and also specifically provided that the parties were bound only by its terms and not by any other representations, oral or otherwise. Retreatments were annually provided by Orkin as contracted.

In October 1973, plaintiff demanded of defendant Orkin that they replace his house which he alleged was damaged by termite infestation almost beyond repair. Defendant refused. Plaintiff filed a three-count complaint against defendants. The first count was on breach of contract contending that Johnson as a representative of Orkin assured plaintiff orally that he had a lifetime $100,000 guarantee against repairs required by subsequent termite infestation. The second count was based on fraud and misrepresentation concerning such guarantee, and the third count sounded in tort for

negligence in failing to properly treat plaintiff's home. Defendants moved for summary judgment and there was some conflicting evidence concerning plaintiff's literacy. The trial court granted summary judgment in favor of defendants as to all three counts and plaintiff enumerates error thereon.

We affirm.

1. This court cannot give effect to an alleged oral contract when the provisions of the written contract clearly contravene such action. The contract and guaranty plainly provide for the exclusion of damages and repairs to the structure and the contract also provides that the parties are bound only by the terms of the written agreement. This case appears to be quite similar to that of *Orkin Exterminating Co. v. Stevens,* 130 Ga. App. 363, 368 (203 SE2d 587). "Though Stevens urges that this is strictly a tort suit, and we treat it as such, his brief on appeal taken as a whole is open to another implied construction, and therefore we additionally consider whether he has proved a case for damages for negligent breach of contract. On this analysis he fares no better, however, for the reason that the same contract which raises Orkin's duty to him limits that duty to retreatment, and Stevens has not contended that Orkin failed to retreat the premises when requested. The description on the original contract of the type guaranty to be issued, and the guaranty itself, make clear that Orkin in no way assumed responsibility under that type guaranty as opposed to other Orkin guaranties for any structural damage caused by termites if its treatments should be unsuccessful. Because Orkin as a private citizen owed plaintiff no duty except that assumed by the contract, there is no impediment to its limiting its contract liability by such a provision, and such limitations are usually valid. 5 Corbin 385, § 1068, supra. Absent a limiting statute or controlling public policy, parties may contract with one another on whatever terms they wish (*Anken Const. Co. v. Artistic Ornamental Iron Co.,* 129 Ga. App. 32 (198 SE2d 389); *Brown v. Five Points Parking Center,* 121 Ga. App. 819 (175 SE2d 901)), and the written contract defines the full extent of their rights and duties. *West View Corp. v. Alston,* 208 Ga. 122 (65 SE2d 406)."

2. Count 2 of the complaint fares no better. There apparently was no discussion during negotiations of plaintiff's ability to read or write.

Judge Clark, speaking for this court in *Maxey-Bosshardt Lumber Co. v. Maxwell,* 127 Ga. App. 429, 431, held: "We recognize that the question of fraud is one which is normally for a jury to determine including whether there has been the required exercise of reasonable diligence to ascertain the truth. *Elliott v. Marshall,* 179 Ga. 639, 640 (176 SE 770). Nevertheless, the decisions have held that one can not close his eyes but must show some fraud perpetrated by the other party which actually prevented him from knowing the provisions of the contract. *Skene v. Jones,* 111 Ga. App. 615 (142 SE2d 412). Also see *Scott v. Fulton National Bank,* 92 Ga. App. 741 (89 SE2d 892).

"This so-called 'blind reliance' doctrine was established by Chief Justice Richard B. Russell in *Feingold v. McDonald Mtg. & Realty Co.,* 166 Ga. 838 (145 SE 90). Headnote 2 thereof states: 'A false statement is not fraudulent when there is no reason why the statement should be believed or acted upon,' and the opinion points out that there is no legal relief afforded when one 'blindly relied on the representations of the seller as to matters of which he could have informed himself.' P. 840.

"When our Supreme Court in *B. E. Robuck, Inc. v. Walker,* 212 Ga. 621 (94 SE2d 696) reversed upon certiorari this court's holding in *Walker v. B. E. Robuck, Inc.,* 93 Ga. App. 820 (93 SE2d 178) on the matter of the defense of fraud in the procurement of the defendant's signature to a written contract it stated that the case was controlled by the unanimous ruling in *Lewis v. Foy,* 189 Ga. 596 (6 SE2d 788). It quoted with approval from page 601 of the earlier decision that 'the law. . .demands of everyone that he make use of his own facilities to avoid being defrauded. No other rule could safely be adopted and enforced by the court with reference to written instruments. It is essential to all business relationships that the validity and solemnity of written contracts, freely and voluntarily executed, be upheld.' "

There is nothing responsive to defendant's motion for summary judgment that shows "blind" reliance on

representations made by Johnson in the case at bar.

Plaintiff in his deposition states that he cannot read. He also states therein that he ". . .looked in my phonebook and found Orkin in my phonebook and I called. . ." Defendant Johnson's affidavit states that he had no reason to believe that Mr. Worth was in truth and in fact unable to read. If in fact he could not read he also had a wife who could read and a daughter who was a college graduate, both living at home with him, and he had possession of the contract and guaranty for four years in which he could have had it read to him.

3. As to the claim of negligence involving the treatment of plaintiff's home, there is no responsive evidence whatsoever for plaintiff in this connection. In his deposition he actually testifies that he did not see what defendant was doing at the time the house was being treated. "Negligence is not to be presumed, but is a matter for affirmative proof. *Glynn Plymouth, Inc. v. Davis,* 120 Ga. App. 475, 487 (170 SE2d 848), affd. 226 Ga. 221 (173 SE2d 691), op. supp. 121 Ga. App. 717 (175 SE2d 410). In the absence of affirmative proof of negligence, we must presume performance of duty and freedom from negligence. 65A CJS 444, Negligence, § 204. Plaintiff has not overcome this presumption. The trial court erred in sending the question of negligence to the jury in the absence of evidence of Orkin's negligence. See, *Metzel v. Canada Dry Corp.,* 125 Ga. App. 460 (188 SE2d 175)." *Orkin Exterminating Co. v. Stevens,* 130 Ga. App. 363, 368, supra.

The trial court was correct in determining that there was no genuine issue as to material fact and in granting summary judgment in favor of defendants as to all 3 counts of the complaint.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED MARCH 7, 1977 — DECIDED APRIL 5, 1977 — REHEARING DENIED APRIL 20, 1977 —

*James O. Goggins, Sumner & Mitchell, Douglas W. Mitchell, III,* for appellant.

*Richard P. Decker,* for appellees.