## 55090. WILCHER v. ORKIN EXTERMINATING COMPANY, INC.

BIRDSONG, Judge.

"Termite case." Wilcher, the appellant-homeowner, filed a two-count complaint against Orkin Exterminating Co. (Orkin) for damages resulting from termite infestation of his house. Both counts sounded in tort, the first alleging negligence by Orkin in failing to properly treat Wilcher's home and the second alleging negligence and/or wilful concealment in the issuance by Orkin of a "Termite Report" describing the status of Wilcher's house prior to his purchase of it. From the grant of summary judgment in favor of Orkin as to both counts, Wilcher appeals. *Held:*

1. Count 1 of Wilcher's complaint is controlled adversely by this court's holding in *Orkin Exterminating Co. v. Stevens,* 130 Ga. App. 363 (203 SE2d 587), where the court examined a liability limitation clause in a contract virtually identical to the liability limitation clause contained in the contract between the parties to this appeal and concluded that the limitation clause precluded the recovery of damages under tort or contract theory. The

*Stevens* court stated clearly that ". . .the same contract which raises Orkin's duty to [Wilcher] limits that duty to retreatment, and [Wilcher] has not contended that Orkin failed to retreat the premises when requested. The description on the original contract of the type guaranty to be issued, and the guaranty itself, make clear that Orkin in no way assumed responsibility under that type guaranty as opposed to other Orkin guaranties for any structural damage caused by termites if its treatments should be unsuccessful. Because Orkin as a private citizen owed plaintiff no duty except that assumed by the contract, there is no impediment to its limiting its contract liability by such a provision, and such limitations are usually valid. 5 Corbin 385, § 1068, supra. Absent a limiting statute or controlling public policy, parties may contract with one another on whatever terms they wish [cits.], and the written contract defines the full extent of their rights and duties. [Cit.]" Id., p. 368.

2. Count 2 of the complaint fares no better. While Wilcher alleges negligence or concealment on the part of Orkin in its issuance of a "Termite Report," the report itself, the contents of which are admitted by Wilcher to be correct, plainly describes the scope and extent of the inspection: "This inspection is limited to infestation ascertainable by careful visual inspection of readily accessible areas and sounding of accessible structural members only. No inspection has been made for infestation in areas concealed by dirtfills, walls, sidings, rugs, etc., or that requires the removal thereof. [Sic.] This inspection report is not to be construed as a warranty against infestation or damage resulting therefrom." The report stated plainly that insect infestation was discovered in "walls, studs, plates, and trim: front, right, left, rear." The report also stated that the contractual guaranty was applicable, but to "Control Only," *not* "damage repair and control."

Even disregarding the effect of the limitation clause, as discussed above, the "Termite Report" itself conclusively negates a claim of negligent inspection for the simplest of reasons: Orkin fully disclosed the scope of its inspection and stated explicitly that termite infestation was found. There remained nothing for Orkin

to conceal.

3. In the absence of dispute over the contents of either the limitation of liability clause or the "Termite Report," there remain no relevant material issues of fact. The trial court did not err in the grant of summary judgment, as to both counts, in favor of Orkin.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED JANUARY 17, 1978 — DECIDED APRIL 4, 1978.

*J. Walter Cowart,* for appellant.
*Corish & Smith, Malberry Smith, Jr., M. Kenneth Doss,* for appellee.