**VALLANCE & COMPANY, Appellant,**

v.

**Juvencio De ANDA, Individually and d/b/a Juvencio's Casual Wear, Appellee.**

**No. 16327.**

Court of Civil Appeals of Texas, San Antonio.

Jan. 9, 1980.

Kenneth Beanland, San Antonio, for appellant.

Sharon Trigo, Laredo, for appellee.

MURRAY, Justice.

Appellant installed a burglar alarm system in appellee's retail clothing store pursuant to a written agreement dated May 29, 1975. Subsequently, during the term of the contract, the store was burglarized. Appellee filed suit against appellant alleging breach of contract and that merchandise valued at $9,500 had been stolen. The jury returned findings that the burglar alarm system did not operate on the occasion in question and that appellee had sustained damages in the amount of $9,500. From a judgment entered in accordance with this verdict, appellant has perfected an appeal.

It is initially contended that the trial court erred in entering judgment for $9,500 because appellant's liability was limited to $147 by the "liquidated damages" clause contained in the contract. Paragraph seven of the agreement provides:

> It is agreed that Company is not an insurer and that the payments hereinbefore named are based solely upon the value of the services herein described and

it is not the intention of the parties that Company assume responsibility for any loss occasioned by malfeasance or misfeasance in the performance of the services under this contract or for any loss or damage sustained through burglary, theft, robbery, fire or other cause or any liability on the part of Company by virtue of this Agreement or because of the relation hereby established. If there shall, notwithstanding the above provisions, at any time be or arise any liability on the part of Company by virtue of this Agreement or because of the relation hereby established, whether due to the negligence of Company or otherwise, such liability is and shall be limited to a sum equal in amount to the service charge hereunder for a period of service not to exceed six months, which sum shall be paid and received as liquidated damages. Such liability as herein set forth is fixed as liquidated damages and not as a penalty and this liability shall be complete and exclusive. That in the event Subscriber desires Company to assume greater liability for the performance of its services hereunder, a choice is hereby given of obtaining full or limited liability by paying an additional amount under a graduated scale of rates proportioned to the responsibility, and an additional rider shall be attached to this Agreement setting forth the additional liability of Company and additional charge. That the rider and additional obligation shall in no way be interpreted to hold Company as an insurer.

Contractual provisions in burglar alarm service contracts purporting to limit or fix the amount of liability have consistently been upheld by the courts. See, e. g., Better Food Markets, Inc. v. American District Telegraph Co., 40 Cal.2d 179, 253 P.2d 10, 13–16 (1953) (en banc); Morgan Co. v. Minnesota Mining & Manufacturing Co., 310 Minn. 305, 246 N.W.2d 443, 447–48 (1976); Schepps v. American District Telegraph Co.,

286 S.W.2d 684, 690–91 (Tex.Civ.App.—Dallas 1955, no writ). Although the results are uniform, the rationale for the holdings has differed depending on whether the agreement provided for liquidated damages or a limitation of liability. Thus, while similar in purpose, these provisions can be categorized as follows: 1) those that fix liability at a specific amount or at a specified percentage of the service charge; and 2) those that set an upper limit to the amount recoverable by the subscriber. Compare Better Food Markets, Inc. v. American District Telegraph Co., 40 Cal.2d 179, 253 P.2d 10, 13–16 (1953) (en banc) (liability fixed at $50.00) and Bargaintown, Inc. v. Federal Engineering Co., 309 A.2d 56, 57 (D.C.1973) (liability fixed at $25.00) with Central Alarm v. Ganem, 116 Ariz. 74, 567 P.2d 1203, 1206–07 (1977) (liability limited to amount of service charge for six months) and Morgan Co. v. Minnesota Mining & Manufacturing Co., 310 Minn. 305, 246 N.W.2d 443, 447–48 (1976) (liability limited to lesser of $250 or six times the monthly service charge).

Generally, a contractual provision that fixes the amount of damages recoverable in the event of a breach is enforceable if the amount provided for is a reasonable estimate of the harm that would be caused by a future breach, and the anticipated damages resulting from a breach are difficult to ascertain. See Stewart v. Basey, 150 Tex. 666, 670, 245 S.W.2d 484, 486 (1952); Restatement of Contracts § 339 (1932). On the other hand, if the clause is merely a penalty to induce performance of the contract, it is unenforceable, and the party claiming a breach will be limited to recovering his actual damages. See 5 S. Williston, Contracts § 776 (3d ed. 1961). In determining whether a liquidated damages clause in a burglary alarm service contract is enforceable, the courts have unanimously rejected the contention that such provisions are void as penalties.[1] It is usually rea-

1. Appellee cites two recent cases in support of his contention that paragraph seven of the agreement provides for a penalty. In neither of these cases did the courts decide whether a provision for liquidated damages was enforceable. See McCane-Sondock Protection Systems, Inc. v. Emmittee, 540 S.W.2d 764, 766 (Tex.Civ.App.—Eastland 1976, no writ);

soned that the possible consequences of a breach by a burglar alarm company are numerous. Thus, at the time of the execution of a burglar alarm service contract the nature and extent of a future loss would be difficult to predict. Furthermore, it has been recognized that in the event of a breach and a loss it would be difficult if not impossible to determine what portion, if any, of the damages were attributable to the burglar alarm company's failure of performance. *See Better Food Markets, Inc. v. American District Telegraph Co.*, 40 Cal.2d 179, 253 P.2d 10, 14–15 (1953) (en banc); *Bargaintown, Inc. v. Federal Engineering Co.*, 309 A.2d 56, 57 (D.C.1973); *Schepps v. American District Telegraph Co.*, 286 S.W.2d 684, 690–91 (Tex.Civ.App.—Dallas 1955, no writ).

 In the absence of a controlling public policy to the contrary, contracting parties can limit their liability in damages to a specified amount. *See Central Alarm v. Ganem*, 116 Ariz. 74, 567 P.2d 1203, 1207–08 (1977); *Worth v. Orkin Exterminating Co.*, 142 Ga.App. 59, 234 S.E.2d 802, 803 (1977); *Morgan Co. v. Minnesota Mining & Manufacturing Co.*, 310 Minn. 305, 246 N.W.2d 443, 447–48 (1976); Restatement of Contracts § 339, Comment g (1932). Furthermore, it is immaterial whether a limitation of liability is a reasonable estimate of probable damages resulting from a breach. *See* 5 S. Williston, Contracts § 781A (3d ed. 1961); Restatement of Contracts § 339, Comment g (1932). Consequently, limitation of liability provisions in burglar alarm service contracts have been upheld despite arguments that they are unconscionable or constitute penalties. *See, e. g., Central Alarm v. Ganem*, 116 Ariz. 74, 567 P.2d 1203, 1206–07 (1977); *Morgan Co. v. Minnesota Mining & Manufacturing Co.*, 310 Minn. 305, 246 N.W.2d 443, 447–48 (1976); *Wedner v. Fidelity Security Systems, Inc.*, 228 Pa.Super. 67, 307 A.2d 429, 431–32 (Pa. Super.Ct.1973). *But see Wedner v. Fidelity Security Systems, Inc.*, 228 Pa.Super. 67, 307 A.2d 429, 433–34 (Pa.Super.1973) (dissenting opinion).

*McCane Sondock Detective Agency v. Penland Distributors, Inc.*, 523 S.W.2d 62, 65 (Tex.Civ.

 When a burglar alarm company undertakes to provide protective services under terms limiting its liability for the ineffectiveness of the performance of those services, no public policy is violated. *See Central Alarm v. Ganem*, 116 Ariz. 74, 567 P.2d 1203, 1207–08 (1977); *cf. Orkin Exterminating Co. v. Stevens*, 130 Ga.App. 363, 203 S.E.2d 587, 593 (1973) (limitation of liability in pest control service contract violates no public policy); *Abel Holding Co. v. American District Telegraph Co.*, 138 N.J. Super. 137, 350 A.2d 292, 297–302 (1975) (limitation of liability in fire alarm service contract violates no public policy), *aff'd*, 147 N.J.Super. 263, 371 A.2d 111 (1977). On the contrary, there is a sound policy reason compelling the enforcement of these provisions. Appellee paid a service charge of $24.50 per month to appellant. It would be unreasonable "to expect appellant to assume the responsibilities arising under a burglary insurance policy upon payment of . . . ." this nominal fee. *Central Alarm v. Ganem*, 116 Ariz. 74, 567 P.2d 1203, 1207 (1977); *see Bargaintown, Inc. v. Federal Engineering Co.*, 309 A.2d 56, 57 (D.C.1973); *Rinaldi & Sons, Inc. v. Wells Fargo Alarm Service, Inc.*, 47 A.D.2d 462, 466, 367 N.Y.S.2d 518, 522 (1975), *rev'd on other grounds*, 39 N.Y.2d 191, 347 N.E.2d 618, 383 N.Y.S.2d 256 (1976). Had appellee desired greater protection against loss from burglary he could have purchased burglary insurance or paid additional amounts under a graduated scale of rates, as provided in the agreement.

 We hold that paragraph seven of the agreement is a valid limitation of liability. Although the term "liquidated damages" is used in the contract, the provision clearly limits liability to the amount of the service charge for six months. *See Central Alarm v. Ganem*, 116 Ariz. 74, 567 P.2d 1203, 1207 (1977); *Morgan Co. v. Minnesota Mining & Manufacturing Co.*, 310 Minn. 305, 246 N.W.2d 443, 448 (1976).

App.—Houston [14th Dist.] 1975, no writ). Thus, both are unhelpful here.

The appellant also contends that the trial court erred in overruling its claim for attorneys' fees. We disagree. Paragraph nineteen of the contract provides:

> The Subscriber hereby agrees to indemnify the Company and hold it harmless from and against any claims or demands which may be asserted against the Company, including reasonable attorney's fees necessary to defend such claims or demands, arising out of the maintenance and/or installation of the alarm system or any of its components.

Paragraph seven clearly defines the limits of appellant's liability to the appellee. Nevertheless, appellant contends that the hold harmless provision of paragraph nineteen applies to claims by the appellee. This interpretation of paragraph nineteen would therefore render paragraph seven meaningless. When construing contracts, courts should attempt to harmonize seemingly inconsistent provisions in order to effectuate the intentions of the parties. *See Mercer v. Hardy*, 444 S.W.2d 593, 595 (Tex.1969). Moreover, an interpretation of one part of a contract which would annul another part of it should be avoided. *See id.* at 595; *Texas Pacific Indemnity Co. v. Building Material Distributors, Inc.*, 502 S.W.2d 922, 925 (Tex. Civ.App.—Dallas 1973, no writ). We construe paragraph nineteen as being applicable only to claims by third parties against appellant "arising out of the maintenance and/or installation of the alarm system or any of its components." This construction harmonizes paragraph seven and paragraph nineteen, and thus gives meaning to both clauses.

The judgment of the trial court is reversed and rendered for appellee in the amount of $147. Costs are taxed against the appellee.