## 62964. STEFAN JEWELERS, INC. v. ELECTRO-PROTECTIVE CORPORATION.

McMurray, Presiding Judge.

Stefan Jewelers, Inc. (Stefan Jewelers), in the business of selling jewelry at 7278 Roswell Road, Atlanta, Fulton County, Georgia, had contracted for several years with Southern Burglar Alarm of Georgia, Inc. (Southern Burglar Alarm) for a protective signaling system service. It's latest contract entered into on September 2, 1977, provided, among other things, for a protective signaling system to be installed and was based upon the value of the services and equipment selected and as specified by the subscriber (Stefan Jewelers). The service provided required the use of telephone lines of the local telephone company (Southern Bell). Upon receipt of an alarm signal by the use of the telephone lines and the system, the provider was to send a representative to the premises and cause the arrest of unauthorized persons on the premises. As to limitation of liability the contract provided "Subscriber agrees to provide . . . theft . . . insurance covering Subscriber's premises, including Protective Signaling System components, to the extent of the full value thereof and with loss payable to Company as its interests may appear, and Subscriber hereby waives any and all rights against Company for any loss resulting . . . which are or should be insured against hereunder. Subscriber shall provide Company with satisfactory evidence of such insurance. If Subscriber fails to so insure, Company may do so at Subscriber's expense. Subscriber hereby waives all rights which its insurer may have against Company and agrees to obtain from said insurer, verification that such waiver shall not affect the validity of the insurance provided.

"Subscriber agrees that Company is not an insurer, that payments hereunder are based solely upon the value of those services and equipment selected and specified by Subscriber and described herein, and that said payments are not sufficient for Company to assume the risk of any damage to Subscriber resulting from Company's failure to perform any of its obligations hereunder. The parties agree that no representation has been made that the services and equipment provided hereunder cannot be circumvented or will always provide the function for which installed.

"Company shall not be liable for and Subscriber waives any rights against Company on account of any loss or damage, direct, indirect, or consequential, regardless of the cause thereof, arising out of this Agreement, including without limitation, fire, theft, strike, flood, accident, delay in installation of equipment, breakdown of equipment or phone lines, acts of God, or the negligence of Company,

its agents or employees, except that Company will indemnify Subscriber for any loss or damage directly, solely, and proximately resulting from Company's negligence while installing or servicing Protective Signaling System components, provided this loss or damage does not relate to failure of the equipment, or services contracted for hereunder, to perform properly.

"If there shall, notwithstanding the above provisions, at any time arise a liability on the part of Company by virtue of this Agreement or the relation hereby established, whether due to the negligence of Company or otherwise, such liability shall not exceed an amount equal to six (6) times the monthly service fee provided for hereunder, which amount shall be paid and received as liquidated damages and not as a penalty, it being agreed that a fair and accurate determination of actual damages would not be possible and that this agreed limitation allows for fair compensation for any loss which may be suffered. This liability shall be complete and exclusive."

On the night of October 3, 1979, an operator for Southern Burglar Alarm was monitoring the alarm board and "the line went open indicating telco trouble." Immediately this operator, following normal procedure, called the telephone company to notify them of the problem. Apparently the telephone company had been experiencing repeated problems with this particular circuit for several days. Upon checking the system the next day (October 4, 1979) at Stefan Jewelers the Southern Bell Telephone line was found to be cut on the roof. Since the line was cut, no alarm signal was transmitted to Southern Burglar Alarm. Additionally, the outside alarm power had been deactivated but this alarm was severed inside the building. A large three foot square hole was found in the roof directly above the alarm system control panel, and Stefan Jewelers had been burglarized. It is the contention of Southern Burglar Alarm that as the telephone line was cut such that no signal alarm was received by it, this absolved it of responsibility to investigate.

Following the burglary Stefan Jewelers cancelled the remaining portion of the contract and brought an action in two counts against Electro-Protective Corporation, d/b/a Southern Burglar Alarm Company, seeking damages in more than $150,000 proximately caused by the gross negligence and wanton misconduct of the defendant's employees in the performance of their duties under the contract and for the same amount as damage for the breach of the contract, said amount being the consequential damages proximately resulting from the breach of same, seeking also $1 million in punitive damages against the defendant as to the first count.

The defendant answered, inter alia, denying the claim, but admitting jurisdiction and the existence of a contract by and between

the parties with reference to the service to be rendered by it. However, it added other defenses such as it had been released from the damages sought by the plaintiff, the same having been waived and barred by virtue of an agreement and denying any negligence or that it was the proximate cause of plaintiff's damage.

After discovery (in which the foregoing facts were in substance disclosed) the defendant moved for summary judgment and the same was granted. Plaintiff appeals. *Held:*

1. Plaintiff has offered no evidence in opposition to the motion and has filed its brief with reference to the material facts as to which there is no genuine issue. Therein the facts to refute the claim of the defendant are that "telco trouble," wherein the cutting of the telephone lines and "alarm signals" cannot be received, amounts to an "alarm signal" which would require the defendant to answer and investigate which it admittedly did not do. It also sets out therein that the defendant failed to notify "Southern Bell" of the "telco trouble" and that apparently "a burglar cut the outside telephone cable." It then seeks to argue that the contract was unconscionable and unjust and therefore void, citing Code Ann. § 109A-2—302 (Ga. L. 1962, pp. 156, 183) with reference to the law of Georgia as to an unconscionable contract or clause. However, in general, parties are free to contract under whatever terms they choose. *Orkin Exterminating Co. v. Stevens,* 130 Ga. App. 363 (203 SE2d 587); *Anken Const. Co. v. Artistic Ornamental Iron Co.,* 129 Ga. App. 32 (198 SE2d 389); *Brown v. Five Points Parking Center,* 121 Ga. App. 819 (175 SE2d 901); *Wilcher v. Orkin Exterminating Co.,* 145 Ga. App. 551, 552 (244 SE2d 101).

We are concerned here in consideration of the first enumeration of error as to whether the contract in question which provided that the defendant "shall not be liable for" and plaintiff "waives any rights against [defendant] on account of any loss," to be, under the circumstances, unconscionable. However, we find the decision in *R. L. Kimsey Cotton Co. v. Ferguson,* 233 Ga. 962, 966 (214 SE2d 360), to be controlling here as to whether the contract was unconscionable. "An unconscionable contract is 'such an agreement as no sane man not acting under a delusion would make and that no honest man would take advantage of.' *Hall v. Wingate,* 159 Ga. 630 (1e) (126 SE 796); *Martin v. Approved Bancredit Corp.,* 224 Ga. 550 (163 SE2d 885)." *R. L. Kimsey Cotton Co. v. Ferguson,* 233 Ga. 962, 966, supra. Here the contracting parties have set forth that the defendant was not an insurer. The consideration was based solely upon the failure of the services and equipment selected and was not sufficient for the defendant to assume the risk of any damage resulting from its failure to perform any of its obligations and that the parties agreed that "no

representation has been made that the services and equipment provided hereunder cannot be circumvented or will always provide the function for which installed." Consequently, measured by the known commercial background of the business and the jewelry trade we cannot hold under the evidence that any of the contract provisions are so unreasonable and one sided as to make it unconscionable, particularly with reference to a theft by a third party, seemingly performed by professionals in cutting the telephone lines on which the service was based, thereafter cutting into the roof of the building bypassing this protective barrier and then cutting the wire to the outside alarm bell.

2. Plaintiff has not sought to refute the affidavits of the defendant with reference to the fact that the "Southern Bell Telephone line had been cut" connecting "the premises to the central office of Southern Bell," and no alarm signal could be transmitted to the defendant, and "the outside alarm bell" was deactivated by severing the conduit inside the building. The telephone company had been notified of the problem (the telephone line being "open, indicating 'telco trouble' ") and had been experiencing repeated problems with this particular circuit for some time. The defendant had no indications of an alarm condition (a burglary in progress), thereby distinguishing "telco trouble" when "the line went open" and "a burglar alarm signal" requiring the defendant to perform certain acts. Plaintiff does not refute the sworn statement that the lines cut were the Southern Bell telephone lines. Plaintiff argues that the "telco circuit" which was run over the roof as part of the contract was cut but offered no evidence to refute the evidence that "The Southern Bell Telephone line had been cut."

(a) Under the admitted facts here we cannot hold that the limitation of liability does not apply to this fact situation, that is, on account of any loss arising from a theft due to the burglary. Further, the contract requires action on the part of the defendant on receipt of a burglar alarm signal. Under the admitted facts herein the plaintiff has not refuted the affidavits of the agents and employees of the defendant distinguishing an "alarm signal" from "telco trouble." We can only hold that no alarm signal was ever received and cannot determine that the "telco circuit" over the roof was cut rather than that the Southern Bell telephone lines were cut, thus creating a fact question as to whether there was negligence in the installation or services of the protective signaling system components.

(b) As stated above in Division 1, we cannot hold under Code Ann. § 20-504 (Ga. L. 1970, p. 441) that the limitation of liability clause is void as being against public policy. The contract was not impossible, immoral and illegal, if, in fact, this determination is

necessary under the admitted facts disclosed and unrefuted.

(c) We do agree, however, that the contract with reference to the plaintiff, in failing to obtain insurance against theft breached the contract, since same clearly deals with protection of the signaling system components whether lost by theft or otherwise, and that issue is not involved here.

(d) As the above rulings sustain the motion for summary judgment it is unnecessary for us to make a determination as to whether or not the liquidated damages provision of the contract by and between the parties is void as a penalty and inconsistent with liquidated damages and therefore void. Nor do we reach the issue of whether the defendant's acts or omission to act under the circumstances and facts disclosed was the proximate cause of plaintiff's damages.

Having considered all of the plaintiff's enumerations of error in which it contends the trial court erred in granting defendant's motion for summary judgment, and finding none to be meritorious, we must affirm.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 24, 1982.

*Gary W. Forbes, Daniel S. Zevin,* for appellant.
*Howell Hollis III, Sally Dillard Hauptfuhrer,* for appellee.