64068. HOLBROOK et al. v. BURRELL.

POPE, Judge.
"Termite case." Appellants brought suit against appellee exterminator claiming damages based upon appellee's allegedly negligent termite inspection and fraudulent failure to reveal termite

infestation to appellants. As a condition precedent to appellants' purchase of a certain house, the seller was required to furnish to appellants "a termite certificate stating [that the] house is free of any termites." Appellee was employed by the seller and paid by appellants for this purpose. Appellee conducted the inspection and presented the realtor with a "Subterranean Termite Control Guaranty" on May 4, 1979. Appellants purchased the house on May 5, 1979. In August 1979 appellants discovered termite damage and infestation. Appellee was notified and the house was re-treated. Appellants filed this action which resulted in a directed verdict for appellee and a denial of appellants' subsequent motion for new trial. Appellants enumerate as error the directed verdict for appellee and the denial of the motion for new trial. We affirm.

A verdict shall be directed "at the close of the evidence offered by an opponent or at the close of the case" where "there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. . . ." Code Ann. § 81A-150 (a). Appellants claim that appellee was negligent in the inspection of the house prior to its sale. " 'Negligence is not to be presumed, but is a matter for affirmative proof.' " *Worth v. Orkin Exterminating Co.,* 142 Ga. App. 59, 62 (234 SE2d 802) (1977). Appellants failed to produce evidence to show that any termite infestation was present within the house at the time of the May 4, 1979 inspection. Although there was testimony to establish termite damage to the house ("some relatively old, some relatively new") and that such damage was apparent upon visual inspection, the record is devoid of proof that any termite infestation was present at the time of the inspection for which appellee may have been negligent in overlooking. It follows that, because appellee was not shown to have known of any termite infestation at the time of the inspection, no claim of negligent or fraudulent concealment was supported by the evidence. Based upon the record evidence, the trial court was correct in directing the verdict for appellee and denying appellants' motion for new trial.

It should be noted that no letter, report, or other evidence is present in the record to show the manner, scope, or results of appellee's inspection. Cf. *Wilcher v. Orkin Exterminating Co.,* 145 Ga. App. 551 (2) (244 SE2d 101) (1978); *Allred v. Dobbs,* 137 Ga. App. 227 (2b) (223 SE2d 265) (1976). Rather, the only documents on which appellants rely are the real estate contract containing the condition that the seller furnish a certificate stating that the house be free of termites and the guaranty apparently accepted by appellants as fulfillment of that condition. The guaranty simply states that appellee would "re-inspect the premises and . . . apply any necessary

additional treatment to such premises . . . if reinfestation is found therein. . . ." Upon notice of such infestation in August 1979, appellee did precisely that. Appellants admit that appellee "has done everything called for in its written guarantee." This is insufficient to show a duty independent of the contract in this case sufficient to warrant recovery for negligence in tort based upon the breach of any contractual relationship between appellants and appellee. See *Orkin Exterminating Co. v. Stevens,* 130 Ga. App. 363 (203 SE2d 587) (1973).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 15, 1982.

*Linton K. Crawford, Jr.,* for appellants.
*Joseph A. Griggs,* for appellee.