70587. BUTLER et al. v. TERMINIX INTERNATIONAL, INC.
(334 SE2d 865)

Pope, Judge.

"Termite case." Appellants, Robert W. and Martha H. Butler (Butlers), brought suit against the appellee exterminator Terminix International, Inc. (Terminix) alleging damages based upon Terminix's alleged negligent termite inspection and wilful and deliberate concealment of further termite damage. Terminix supplied a termite inspection report certifying that the house to be purchased by the Butlers was inspected on December 5, 1983 and that that inspection revealed no active infestation of any kind. The report, however, did show that there was evidence of previous infestation and an attached graph showed the previous infestation centered around the chimney. The Butlers, with knowledge of Terminix's report, purchased the house on December 9, 1983 for $63,000. In February 1984 Robert Butler, after removing the house's rotten deck, called Terminix for a reinspection. Again, Terminix stated there was only minor damage around the fireplace. Approximately three days later, the Butlers crawled under the house and found termite damage. They then filed this action which resulted in summary judgment entered in favor of Terminix.

1. "On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden, and the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence." (Citations and punctuation omitted.) *Whiddon v. O'Neal*, 171 Ga. App. 636, 639 (320 SE2d 601) (1984).

The lack of privity between the parties does not bar an action to recover for negligence in performance of a termite inspection. See *Perloe v. Getz Exterminators*, 163 Ga. App. 397 (294 SE2d 640) (1982); *Allred v. Dobbs*, 137 Ga. App. 227 (2) (223 SE2d 265) (1976). The Butlers claim that Terminix was negligent in the inspection of the house prior to their purchase thereof. The facts at bar are similar to those in *Holbrook v. Burrell*, 163 Ga. App. 529 (295 SE2d 201) (1982), in which a purchaser of a dwelling sued the exterminator claiming negligent inspection and fraudulent failure to reveal termite infestation. In *Holbrook*, we stated that negligence is a matter of affirmative proof and is not to be presumed. "In the absence of affirmative proof of negligence, we must presume performance of duty and

freedom from negligence." *Worth v. Orkin Exterminating Co.*, 142 Ga. App. 59, 62 (234 SE2d 802) (1977). The appellant in *Holbrook* had failed to overcome that presumption because the record did not disclose that any termite infestation was present at the time of the inspection for which appellee may have been negligent in overlooking. The facts at bar reveal that the Butlers discovered termite damage three days after they called Terminix for re-inspection. This fact may indicate that Terminix was possibly negligent in the re-inspection but such evidence does not show that Terminix was negligent in its inspection two months earlier. If the Butlers had shown affirmative evidence that the termite damage was in existence at the time of the December 5th inspection, there would have been a genuine issue to avoid a motion for summary judgment. The Butlers, however, chose to rest on their pleadings and personal depositions which reveal no issues concerning negligence. On a motion for summary judgment "an adverse party may not rest upon the mere allegations or denials of his pleading but his response, by affidavits or as otherwise provided . . . must set forth specific facts showing that there is a genuine issue for trial." OCGA § 9-11-56 (e). See *Jahncke Svc. v. Dept. of Transp.*, 172 Ga. App. 215 (2) (322 SE2d 505) (1984).

Furthermore, the "Wood Infestation Report" itself negates a claim for negligent inspection. The report clearly indicated the scope of the inspection and that prior infestation was found. The report further stated that if there is evidence of previous infestation, it should be assumed that some degree of cosmetic or structural damage is present. The graph dated April 19, 1973 accompanying the inspection report stated that "due to existing damage and/or hidden damage this house does not qualify for a Bruce Terminix Protection Contract." Although the graph was 10 years old, this evidence was sufficient to alert the Butlers of a termite problem. See *Davi v. Shubert*, 168 Ga. App. 420 (C) (309 SE2d 415) (1983). Therefore, summary judgment in favor of Terminix on the negligence claim was correct.

2. The Butlers allege that Terminix wilfully and deliberately concealed the termite damage. The five elements of fraud and deceit in Georgia include: (1) false representation made by defendant; (2) scienter; (3) intention to induce plaintiff to act or refrain from acting in reliance by plaintiff; (4) justifiable reliance by plaintiff; and (5) damage to plaintiff. *U-Haul Co. of Western Ga. v. Dillard Paper Co.*, 169 Ga. App. 280 (312 SE2d 618) (1983). To prevail against Terminix's motion for summary judgment, the record must disclose a genuine issue of fact as to each of the above elements.

The evidence discloses that the Butlers read a copy of the report at the closing on December 9, 1983. The report stated that it was issued "without warranty, guarantee or representation as to any concealed evidence of infestation or damage . . ." except as to matters

not here pertinent. The Structural Pest Control Act Rule 620-6-.02 requires that a visual diagram be attached to the report indicating the location of any visible evidence of infestation and/or damage. The Butlers contend inspectors are required to attach a diagram showing the location of all visible damage. We agree with this contention. Yet, the Butlers have failed to show any evidence that Terminix knew that other damage existed at the time of inspection and concealed it from them. In a fraudulent concealment action, the alleged defrauded party must show that the alleged defrauder had actual, not merely constructive, knowledge. If there is no actual knowledge of the defect on the part of the silent party there can be no concealment with the intent and for the purpose of deceiving the opposite party. *Lively v. Garnick*, 160 Ga. App. 591, 593-94 (287 SE2d 553) (1981). Therefore, as the only evidence is that the 1973 graph represented the location of any visible evidence of infestation and/or damage in 1983, Terminix is not liable for fraudulent concealment.

"So long as 'one essential element under any theory of recovery is lacking . . . the defendant is entitled to summary judgment as a matter of law irrespective of any issues of fact with regard to other essential elements.' [Cit.]" *A-Larms, Inc. v. Alarms Device Mfg. Co.*, 165 Ga. App. 382, 385 (300 SE2d 311) (1983).

For the foregoing reasons, summary judgment in Terminix's favor is affirmed.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 5, 1985.

*John L. Tracy*, for appellants.
*Henry C. Custer*, for appellee.