## 71598. HALL v. FRUEHAUF CORPORATION.
(346 SE2d 582)

DEEN, Presiding Judge.

Fruehauf Corporation repaired Hall's trailer on August 3, 1982, in Apopka, Florida. In October it broke down in Dallas, Texas, and was hauled to Atlanta, where it was repaired by Fruehauf at no expense to Hall. The repairs took six weeks to complete. When the truck was taken for repairs in Florida, Hall signed a work order which stated that the order was subject to the terms and conditions on the back. The back of the work order contains a warranty of parts and/or repairs for ninety days and states that defects in materials or workmanship will be replaced or repaired within that period. The warranty further provides that it is in lieu of all other warranties, that repair is the sole remedy for work done under it, that Fruehauf is not liable for incidental or consequential damages due to loss of use, and that if repairs are performed on a no-charge basis, the customer's acceptance thereof is in full settlement of all claims.

Two years later, Hall filed suit against Fruehauf seeking an unstated amount in unspecified "damages" which he claims resulted from the negligent repair of his trailer. Answers to interrogatories revealed that he was seeking six weeks of lost wages. Hall appeals from the grant of summary judgment in favor of Fruehauf, contending that the work order violated the public policy of Georgia and was unconscionable. *Held*:

From appellant's enumerations of errors it appears he is not contending that there is a material issue of fact requiring jury resolution. Rather, he claims that the court erred in ruling on an issue of law. See OCGA § 11-2-302, unconscionable contract or clause.

"An unconscionable contract is 'such an agreement as no sane man not acting under a delusion would make and that no honest man would take advantage of.' [Cits.]" *R. L. Kimsey Cotton Co. v. Ferguson,* 233 Ga. 962, 966 (214 SE2d 360) (1975). It is well established " 'that contracts will not be avoided by the courts as against public policy, except "where the case is free from doubt and where an injury to the public interest clearly appears." [Cit.]' " *Cash v. Street & Trail, Inc.,* 136 Ga. App. 462 (221 SE2d 640) (1975). " 'Absent a limiting statute or controlling public policy, parties may contract with one another on whatever terms they wish [cits.], and the written contract defines the full extent of their rights and duties. [Cit.]' " *Wilcher v.*

*Orkin Exterminating Co.*, 145 Ga. App. 551, 552 (244 SE2d 101) (1978). A limitation of remedies in a commercial setting is not considered unconscionable. See *Stefan Jewelers v. Electro-Protective Corp.*, 161 Ga. App. 385 (288 SE2d 667) (1982).

Accordingly, we find the trial court did not err in granting summary judgment in favor of Fruehauf Corp. Moreover, as this appeal is totally frivolous, we assess a $250 penalty pursuant to Court of Appeals Rule 26 (b).

*Judgment affirmed. Beasley, J., concurs. Benham, J., concurs in the judgment only.*

DECIDED JUNE 16, 1986.

*Bruce Berger*, for appellant.
*James H. Bratton, Jr., John G. Despriet*, for appellee.