A89A0713, A89A0714. BUILDERS TRANSPORT, INC. v. HALL;
and vice versa.
(383 SE2d 341)

SOGNIER, Judge.

In an earlier appearance of these parties before this court, in which the facts of the case are set forth in detail, we addressed the appeal filed by Builders Transport, Inc. from the denial of its motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial. *Builders Transport v. Hall*, 183 Ga. App. 812 (360 SE2d 60) (1987). In Division 1 of that opinion we reversed the jury's award of damages to Hall for breach of contract, based on the insufficiency of the foundation evidence presented to support Hall's opinion testimony as to the value of the property in question and Hall's failure to pinpoint the value of a repossessed truck on the actual date of repossession. Id. at 815 (1). Upon the remittitur in that case being issued, the trial court entered an order granting Builders Transport's motion for judgment n.o.v. on Hall's contract claim pursuant to this court's opinion, then exercised its discretion by granting Hall a new trial. See OCGA § 5-5-40 (h). The trial court denied Builders Transport's motion to reconsider and we granted Builders Transport's application for interlocutory appeal in Case No. A89A0713. In Case No. A89A0714 Hall appeals from the grant of partial summary judgment to Builders Transport on an issue involving the merits of Hall's tort claim.

1. In Case No. A89A0713, because a close reading of the record

reveals that the trial court did follow the mandate of this court's opinion in *Builders Transport*, supra, by granting judgment n.o.v. to Builders Transport, the cases cited by Builders Transport regarding the interpretation to be given a reversal by an appellate court of the denial of various types of motions upon the remittitur being issued in the trial court are not applicable here. See, e.g., *Kirkland v. Southern Discount Co.*, 187 Ga. App. 453 (370 SE2d 640) (1988). Rather, the issue presented is whether the trial court, after granting Builders Transport's motion for judgment n.o.v. pursuant to our opinion, then abused its discretion by granting Hall a new trial, sua sponte, within 30 days of the entry of that judgment.

OCGA § 5-5-50 provides: "The first grant of a new trial shall not be disturbed by an appellate court unless the appellant shows that the judge abused his discretion in granting it and that the law and facts require the verdict notwithstanding the judgment of the presiding judge." "While it is the well-settled rule that this court 'will not, under any circumstances, reverse a judgment granting a first new trial, whether the grant be general upon all the grounds of the motion or special upon one or more grounds only, or whether it be upon a ground which involves questions of evidence or upon a ground which involves purely questions of law, unless it is made to appear that no other verdict than the one rendered could possibly have been returned under the law and facts of the case.' [cits.; see also *Trawick v. Jackson*, 188 Ga. App. 664 (374 SE2d 114) (1988)], it has nevertheless been held with equal uniformity that if the evidence does demand the verdict rendered, the first grant of a new trial will be reversed. [Cit.]" *Moody v. Moody*, 195 Ga. 13-14 (1) (22 SE2d 836) (1942). In *Builders Transport*, supra, this court determined that Hall failed to establish the necessary foundation for his opinion testimony and failed to prove the value of the truck on the date of repossession. The trial court based its grant of a new trial to Hall on its determination that Hall had demonstrated at trial that he possessed the evidence necessary to establish a claim for damages for breach of contract, but had failed to present that evidence in the technical format required for opinion testimony, a failure that mandated the grant of judgment n.o.v. to Builders Transport as to the trial already conducted, but one which did not demand a verdict in favor of Builders Transport on the merits of Hall's claim, within the meaning of OCGA § 5-5-50, so as to preclude the grant of a new trial. However, Hall's failure to establish his claim by presenting the necessary evidence in the required legal format was not occasioned by any error on the trial court's part. "[E]ven a first new trial can not be granted where, under the law and the evidence, the verdict as rendered was the only lawful result." *Jones Motor Co. v. Finch Motor Co.*, 34 Ga. App. 399, 403 (129 SE 915) (1925). Since the evidence as adduced at trial by Hall demanded

the verdict in Builders Transport's favor, and no error of law whatsoever was committed by the trial court which prevented Hall from presenting the necessary evidence, the grant of new trial was an abuse of the trial court's discretion. See id. at 400-403; see also *Bank of America &c. Assn. v. Reserve Life Ins. Co.*, 90 Ga. App. 332, 333 (8) (83 SE2d 66) (1954).

2. In Case No. A89A0714, Hall contends the trial court erred by granting partial summary judgment in favor of Builders Transport in Hall's remaining tort claim as to the issue of Builders Transport's conversion of Hall's tools and diesel fuel in the repossessed truck. The trial court's holding was based on its interpretation of paragraph 10 of the parties' installment sales contract, which provides: "If the Property [the truck in question] be repossessed by [Builders Transport] *through legal process or otherwise*, [Hall] agrees to send notice by registered or certified mail to [Builders Transport] within twenty-four hours thereafter if [Hall] claims that any article not constituting part of [the] Property was contained in Property at the time of repossession and agrees that failure so to do shall be a waiver of and bar to any subsequent claim therefor." (Emphasis supplied.) It is uncontroverted that Hall did not send the requisite notice to Builders Transport about his personal belongings in the truck.

The trial court held that Hall waived all claims regarding his personal property in the truck under paragraph 10, notwithstanding Hall's assertion that the truck was wrongfully repossessed, based on its construction that under paragraph 10 all such claims were waived (absent giving of the proper notice) regardless of the manner in which the truck was repossessed. Hall argues that paragraph 10 means that he waived his claim only if the truck was repossessed through legal process or other *legal* means, and that the trial court's construction of the contract language is unconscionable because it interprets the contract as holding that Hall waives his claims even in the face of Builders Transport's *illegal* repossession of the truck. Since he asserts that his cause of action is based on facts demonstrating that Builders Transport's repossession of the truck was wrongful and illegal, facts strongly contested by Builders Transport, and the jury has not made a determination on that matter for or against either party, Hall argues that the trial court acted prematurely in applying the waiver in paragraph 10.

"[T]he paramount rule of the construction of contracts is to ascertain the intention of the parties. A corollary to that rule is that an intention contrary to the law should not be read into a contract; and that where a particular word or words in a contract are susceptible of two meanings, one of which would uphold the contract and render it legal, and the other would render it inoperative or illegal, that meaning which renders the contract legal will be adopted as the intention

of the parties. [Cits.]" *Hartsfield Co. v. Shoaf*, 184 Ga. 378, 381-382 (191 SE 693) (1937). To construe paragraph 10 as holding that Hall waived any claims to articles in the truck when the truck was wrongfully or illegally repossessed, as is alleged here, so that the articles within the truck were wrongfully converted by Builders Transport, would be to construe "legal process or otherwise" in a manner rendering the contract void because of an illegal condition under OCGA § 13-3-5. The cases cited by the trial court do not require a different result because the unconscionability asserted in those cases was based not on the illegality of the contractual terms but on the vast disparity in the bargaining power between the parties to the contract. See, e.g., *Hall v. Fruehauf Corp.*, 179 Ga. App. 362 (346 SE2d 582) (1986); *Stefan Jewelers v. Electro-Protective Corp.*, 161 Ga. App. 385, 387-388 (1) (288 SE2d 667) (1982). Therefore, we agree with Hall that until a jury decides which parties' version of the facts surrounding the repossession is accurate so as to establish whether or not Builders Transport's repossession of the truck was legal or illegal, the provisions in paragraph 10 of the installment sales contract cannot be applied to bar Hall's cause of action for the conversion of his personal articles in the truck. The trial court erred by granting summary judgment in favor of Builders Transport on this issue.

*Judgments reversed. Banke, P. J., and Pope, J., concur.*

DECIDED JUNE 1, 1989 —
REHEARING DENIED JUNE 19, 1989 —

*Fisher & Phillips, Griffin B. Bell, Jr., Charles A. Hawkins II, Blasingame, Burch, Garrand & Bryant, Andrew J. Hill III*, for appellant.

*Eichholz & Associates, Michael A. Lewanski, Harold J. Cronk, Gregory V. Sapp, John R. Calhoun*, for appellee.