HAWTHORNE, Justice.
This case is before us under our supervisory jurisdiction.
Marcel L. Pothier instituted this suit to recover damages for the breach of a contract with Barber Laboratories, Inc. This contract is composed of two parts, an original contract and a letter which was attached to and expressly made a part of the original contract. In the original contract Barber Laboratories obligated itself for a consideration of $99.17 to eradicate all termites in open construction in Pothier’s house, under certain terms and conditions, to inspect the premises twice yearly during a period of two years, and to treat any reinfestation without charge. The condition in this original contract which is pertinent to the issue before this court reads as follows:
u * * * under no circumstances * * * shall the Termite Contractor be responsible for damage done to the building and its contents by termites except damage caused by the gross negligence of the Termite Contractor.”
As pointed out above, the contract is also composed of a letter written by Barber Laboratories to Pothier. The third paragraph of this letter contains an additional Inspection Service Contract under the terms of which the annual inspections were to be continued for five additional years for a consideration of $3 per year. If any trace of termites should be found during this five-year period, Barber would treat without additional charge. In this paragraph of the letter appears the following sentence: “You might consider this Termite Insurance.”
The events leading up to the present suit are set out by the Court of Appeal in its opinion, and it is unnecessary for us to reiterate them here. See 69 So.2d 644, 649. The important fact is that during the five-year period of the Inspection Service Contract Pothier’s property became re-infested with termites, and Barber failed to eradicate them. Pothier brought suit to recover $369. Of this amount $175 had been paid by Pothier to another exterminating company to eradicate termites, and $194 was paid by Pothier to repair damages' done to his property by termites. Plaintiff’s suit was dismissed in the district court. The Court of Appeal, however, reversed the lower court’s judgment and awarded plaintiff the $369 for which he sued, that is, damages for both retreatment and repairs. The theory of the Court- of Appeal’s deci *362 sion is that the sentence in defendant’s letter which spoke of this contract as termite insurance was controlling, and that defendant was liable under it for the cost of eradicating the termites which reinfested the house while the contract was in existence and also for the cost of repairs. In its decision the Court of Appeal said that this provision was a guarantee “that there would be no further damage by termites, and that if any such further damage should be sustained, defendant would be responsible for repairing such damage as might result”.
The judgment of the Court of Appeal is obviously correct in awarding plaintiff $175 for retreating the reinfested property. Under the terms of the contract the defendant is clearly obligated in this respect. The liability of the defendant for the damage done by the termites is less clear, however, and for this reason we granted writs to review -the judgment of the Court of Appeal insofar as it awarded plaintiff $194 for repairs.
If the provision about termite insurance could be read alone without regard to the other provisions of the whole contract, we might agree with the Court of Appeal that defendant was also liable for termite damage to plaintiff’s house. However, it is a well settled rule of contract interpretation that contracts must be construed as a whole. Under this rule of construction we cannot overlook the clear condition in the contract that under no circumstances should the termite contractor be responsible for damage done to the building by termites except damage caused by the gross negligence of the termite contractor. This condition was evidently not called to the attention of the Court of Appeal either in brief or in argument.
There is no allegation or proof of gross negligence on the part of the termite contractor, and consequently under this provision of the contract defendant could not be liable for the damage to the property which the plaintiff seeks to recover. As the letter attached to the contract is expressly included in the contract, this provision in the original contract must be read and considered with the provision in the letter concerning termite insurance. .As pointed out above, it is the duty of the court to construe the contract as a whole. If we construe the provision relative to termite insurance to mean that the contractor is liable for damages to the property caused by a reappearance of termites, there would be a direct conflict between these two clauses, and such a construction should not be adopted if the contract is susceptible of another construction which gives effect to all of its provisions. Glassell v. Richardson Oil Co., 150 La. 999, 91 So. 431. Moreover, under the jurisprudence the intent of the parties to a contract should not be determined by an isolated clause or provision. We must construe all clauses together, giving to each the sense resulting from the entire act. Art. 1955, *364 La.Civ.Code; Escoubas v. Louisiana Petroleum and Coal Oil Co., 22 La.Ann. 280; C. A. Andrews Coal Co. v. Board of Directors of Public Schools, 151 La. 695, 92 So. 303; Noel Estate v. Kansas City Southern & Gulf Ry. Co., 187 La. 717, 175 So. 468; Fitzgerald v. Hyland, 199 La. 381, 6 So.2d 321.
When the entire contract is read and considered as a whole under the rules of construction set out above, we think that the expression “termite insurance” means only that for $3 a year the termite contractor would make annual inspections during the five-year period of the additional Inspection Service Contract and would eradicate the termites free of charge should the property become reinfested. In construing the contract in this way we are giving effect to all its provisions, as we are required to do under the jurisprudence.
The judgment of the Court of Appeal is amended by reducing the award to plaintiff, Marcel L. Pothier, to the sum of $175, and as amended the judgment is affirmed. Defendant, Barber Laboratories, Inc., is to pay all costs.