CHASEZ, Judge.
This is an action by plaintiff, Frank A. Birdsong, against Ernest R. Barber, d/b/a Barber Laboratories, Maryland Casualty Company and Continental Casualty Company, to recover the sum of $460.00 under a contract in which the defendant Barber Laboratories agreed to termite-proof the premises at 5401-03 McKenna Street in the City of New Orleans. It was stipulated that if judgment was rendered for the plaintiff it would be entered against Barber Laboratories only. The trial court rendered judgment for the plaintiff in the sum of $460.00, with legal interest from date of judicial demand and costs, against the defendant, Barber Laboratories. From this judgment the defendant appeals.
The petition of plaintiff alleges that Barber Laboratories entered into a contract with Dr. Aaron M. Altschul in 1950 to termite-proof the building located at 5401-03 McKenna Street. This contract included an annual inspection service under which the defendant was to keep the building termite-proofed and annually inspect it. It is alleged that Dr. Altschul assigned his rights under the contract and in the property to the plaintiff; that the plaintiff, on April 6, 1962, agreed with the defendant to continue the annual inspection service in full force and effect. These allegations are admitted by the defendant in his answer. The petition further alleges that in October 1962, plaintiff found an active termite colony under the upper front porch of his premises which had caused extensive termite damage which necessitated repairs in the amount of $460.00. The defendant affirmatively alleged that he was not liable for the damage to the plaintiff’s property for plaintiff failed to comply with the terms of the contract by not eliminating dampness in the building; and that this damp condition was the direct cause of the damage to the property.
Since the plaintiff and the defendant both admit that the annual inspection contract of plaintiff was a continuation or assignment of the original contract with Dr. Altschul, this phase of the matter shall not be discussed. We shall consider the contract of plaintiff and defendant in 1962 as a continuation of and including the original contract.
The defendant, in this court, has filed an exception of prescription and an exception of no cause of action. He contends that the action is one based on negligence therefore is prescribed by the prescription of one year. The action herein is clearly based on breach of the contract that plaintiff had with defendant. The contract provides that liability can only be imposed in light of gross negligence; however, this does not convert the action into one for negligence.
The exception of no cause of action is based on the proposition that there has been no allegation concerning the breach of the defendant’s 1962 contract with plaintiff; however, as heretofore stated, the defendant has admitted that the 1962 contract is a continuation of the original contract with *241 Dr. Altschul in 1950. Therefore, the exception of no cause of action must also fail.
The contract involved herein is similar to the contract in the case of Pothier v. Barber Laboratories, 227 La. 357, 79 So.2d 481 (1955). The present contract contains the following clause:
“ * * * nor shall the Termite Contractor be responsible for damage done to the building and its contents by termites except damage caused by the gross negligence of the Termite Contractor.”
The defendant argues that the interpretation given this clause in the case of Pothier v. Barber Laboratories, supra, by the Supreme Court is that no liability can be imposed on the termite contractor for damages done to a building by termites. We do not think that this position is sound. After a careful reading of the Pothier case, we conclude that if there is proof of gross negligence on the part of the termite contractor, liability may be imposed upon him for any damage done to the building by termites. See Foreman v. Jordan, 131 So.2d 796 (La.App.1961) cf. Ruehmkorf v. McCartney, 121 So.2d 757 (La.App.1960). In this case the trial judge was aware of the Pothier case and adopted the above interpretation of it and, we believe, correctly so. The court a qua found that the defendant interpreted his contract as only requiring him to inspect the areas below the house and about the plumbing leading to the kitchen and bathroom. It found that no inspection was made of the other areas (the upper story) where moisture might accumulate and attract termites. It, in effect, held that it was gross negligence on the part of the contractor not to inspect the whole house and thereby allow termites to exist in the upper portion where termites were actually found. It found no merit to defendant’s affirmative defense for as soon as plaintiff discovered any dampness in an area of the house he immediately remedied it.
After a review of the record, we are of the opinion that the evidence abundantly bears out the conclusions of the trial judge. The defendant did not inspect the upper portion of the house, although the evidence shows that there were areas where moisture would tend to accumulate in the upper portion, thus attracting termites. In fact, the area where the termites were actually found and where the damage occurred was in the upper story of the house. The defendant inspected the lower portions of the house only and, of course, did not detect the termites which caused the damage to the building. The defendant’s own experts testified that they had found termites in the upper portions of houses quite often and in one case even in the gutters of a building.
We conclude, as did the trial judge, that it was gross negligence for the defendant not to completely inspect the house and to limit his inspection to the lower portion only. Therefore, under the terms of the contract, we consider him liable for the termite damage which resulted.
For the foregoing reasons, the judgment is affirmed.
Affirmed.