Billy **HARMON** and Margaret Harmon, Plaintiffs,

v.

**ORKIN EXTERMINATING COMPANY, INC., Defendant.**

**Civ. A. No. 91–0308–R.**

United States District Court, W.D. Virginia. Roanoke Division.

July 20, 1992.

---

1. Wiley has failed to address, and the court does not reach, other issues raised by the court's

memorandum opinion of August 16, 1991.

Kendall O. Clay, Radford, Va., for plaintiffs.

Melissa Walker Robinson, Gentry, Locke, Rakes & Moore, Roanoke, Va., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

### BACKGROUND

The court takes jurisdiction over this case pursuant to the diversity statute, 28 U.S.C. § 1332.

This matter is before the court on the defendant's motion for summary judgment. A contract by which the plaintiffs employed the defendant to exterminate termites on their property is at the center of this dispute. The plaintiffs seek to recover for termite damage which allegedly occurred after the extermination had been performed by the defendant.

The defendant moves for summary judgment on the ground that the contract between the parties expressly excludes from the defendant's potential liability any recovery for damage to property. The defendant also moves for summary judgment on the ground that the plaintiff fails to provide any proof that the damages sought were caused by the alleged breach of contract.

Summary judgment will be granted on the ground that the remedy sought by the plaintiffs is expressly precluded by the contract between the parties.

### DISCUSSION

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.Proc. 56(c). For the purpose of deciding the motion for summary judgment, the facts will be considered in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

Under Virginia Law, unambiguous policy provisions are to be read according to their plain meaning. *Carter v. Carter*, 202 Va. 892, 121 S.E.2d 482 (1961). The contract at issue in this case provided a choice of four guarantee options. The box next to "Limited Lifetime Renewable Subterranean Termite Re–Treatment Guarantee" was marked with an "x" on the contract. The contract advised that descriptions of the available guarantees were printed on the opposite side of the contract, and the chosen guarantee was described as follows:

> Subject to the limitations and restrictions set forth in this Agreement, specifically including the General Terms and Conditions below, Orkin will issue to me a Re–Treatment Guarantee, which obligates Orkin, at no extra cost to me, to apply any necessary additional treatment to my building if an infestation of Subterranean Termites is found during the effective period of my Guarantee. I understand that Orkin's obligation under this Guarantee is limited to re-treatment only. I expressly release Orkin from any obligations to repair any damage to my building or its contents caused by an infestation of Subterranean Termites. This Guarantee is transferrable to a subsequent owner of the premises ...

The above quoted language leaves the court little choice but to grant the motion for summary judgment. The clear, unambiguous language of the contract precludes

the plaintiffs from recovering the damages which they seek in the present action. The defendant is entitled to judgment as a matter of law on the undisputed facts before the court, so summary judgment will be granted.