Carolyn G. PALMER, Plaintiff,

v.

ORKIN EXTERMINATING COMPANY,
INC., Defendant.

Civ. A. No. 4:94–CV–2(L)(N).

United States District Court,
S.D. Mississippi,
Eastern Division.

Dec. 29, 1994.

Stanford Young, Waynesboro, MS, for plaintiff.

Joshua J. Weiner, Jackson, MS, for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the summary judgment motion of defendant Orkin Exterminating Company, Inc. (Orkin). Plaintiff Carolyn Palmer has responded to defendant's motion.[1] Having considered defendant's motion and plaintiff's response, along with the memoranda of authorities presented by both parties, the court concludes that defendant's motion should be granted.

This case centers on Orkin's alleged failure to properly treat plaintiff's house for termites. Plaintiff alleges that her home is now uninhabitable and that if Orkin had initially properly performed under its contract, that would not be the case. In April of 1989,

---

1. The court has previously ruled, in a memorandum opinion and order dated September 23, 1994, that Minor Harwell, an Orkin employee, would be dismissed from the action and that a motion to remand for lack of diversity would be denied.

after observing termite activity in her home, plaintiff contracted with Orkin for its exterminating services. Orkin treated the home pursuant to this contract, and issued plaintiff a "Re-treatment Guarantee" which provided that Orkin would re-treat plaintiff's home in the event of further termite activity, but which expressly limited Orkin's liability to re-treatment.[2] From the initial treatment on April 25, 1989, repeated efforts by Orkin were required to eradicate the termites in plaintiff's home.

In 1992, after several re-treatments by Orkin, termites were still apparent in areas of plaintiff's home, which prompted her to request the assistance of the State Department of Agriculture. That agency first inspected her home in July 1992, and turned up three areas in which it considered that Orkin's treatment did not comply with state regulations.[3] Specifically, according to the deposition testimony of the state inspector, there were cinder blocks that were not open at the top which had not been treated, there was wood in contact with the ground that Orkin had not treated, and there were pillars under plaintiff's house which had not been properly treated. These areas, it appears, remained untreated because the house was so low to the ground in some areas that Orkin would have needed to partially excavate under the house in order to reach and properly treat them. Following the state inspection, Orkin eventually did excavate, or "tunnel" under the house and treat the previously inaccessible areas, but it was not until June 21, 1993, after several more visits by

Orkin and by the Department of Agriculture's inspector, that the inspector was able to report finding no termites.

Plaintiff's amended complaint contains four counts, which purport to charge a breach of contract, a negligent breach of contract and an unidentified "independent intentional tort,"[4] all of which she contends entitle her to recover actual damages for the cost of repairing the damage to her home, her emotional upset and mental anguish, and the value of the loss of the use of her home. Additionally, she demands punitive damages for Orkin's alleged intentional breach of contract.

■ The principal facts recited above are undisputed, and the major issue presented is of law, namely, whether the limitation of liability clause in plaintiff's contract precludes her claim for damages. The weight of authority upholds Orkin's limitation of remedies clause. *See, e.g., Johnson v. Orkin Exterminating Co., Inc.,* 746 F.Supp. 627, 630–32 (E.D.La.1990) (discussing *Pothier v. Barber Indus.,* 227 La. 357, 79 So.2d 481 (1955), *Orkin Exterminating Co., Inc. v. Stevens,* 130 Ga.App. 363, 203 S.E.2d 587 (1973), *Worth v. Orkin Exterminating Co., Inc.,* 142 Ga.App. 59, 234 S.E.2d 802 (1977), *Wilcher v. Orkin Exterminating Co., Inc.,* 145 Ga.App. 551, 244 S.E.2d 101 (1978), and *Orkin Exterminating Co., Inc. v. Walters,* 466 N.E.2d 55 (Ind.App.1984), all of which are directly on point). A case from this district also addresses this point. In *Smith v. Orkin Exterminating Co., Inc.,* 791 F.Supp. 1137

2. The relevant language from the initial "Subterranean Termite Agreement" is as follows:

> I understand that Orkin's obligation under this guarantee is limited to re-treatment only. I expressly release Orkin from any obligations under this Guarantee to repair any damages to my structure or its contents caused by an infestation of Subterranean Termites.

Then, the Guarantee, issued after the initial treatment, provides:

> Orkin guarantees that it will, at no extra cost, apply any necessary additional treatment to the premises if an infestation of Subterranean Termites (Reticulitermes) is found in the treated premises during the effective period of this Guarantee.... Orkin's liability under this Guarantee is limited to re-treatment only. The Subterranean Termite Agreement expressly waives and releases Orkin from liability for

damages to the structure or its contents occasioned by an infestation of Subterranean Termites.

3. Orkin's contract with the plaintiff promises to treat her home for "control of Subterranean Termites in accordance with all the rules and regulations of the Mississippi Department of Agriculture and Commerce, Division of Plant Industry." It is undisputed that the state inspector determined that Orkin was not in compliance with state regulations as promised in the contract.

4. Both counts three and four seek emotional distress damages, with count three charging an "intentional independent tort," and court four charging a negligent failure to perform the contract. Thus, in reality, plaintiff has identified three, not four, bases for recovery.

(S.D.Miss.1990), *aff'd*, 943 F.2d 1314 (5th Cir. 1991), Judge Walter Gex granted summary judgment for Orkin on a plaintiff's breach of contract claim, finding that the limitation of liability clause in Orkin's contract was enforceable. Judge Gex reasoned, "Orkin is not responsible for creating the infestation.... Rather, it contracted to eradicate the insects. Orkin undertook that obligation only with a clear understanding of what it would be required to do if it failed with its first [treatment]." 791 F.Supp. at 1142. Likewise, in the case at bar, the court is constrained to conclude that plaintiff's remedy for Orkin's alleged breach of contract is limited to re-treatment in accordance with the clear terms of the contract. That is, even if Orkin breached its contract with plaintiff, it is not subject to liability for any structural damage to plaintiff's home, or for any other damages flowing from that breach.[5]

■ Plaintiff's demand for damages stemming from Orkin's alleged "negligent breach of contract" is barred for the same reason. In *Smith*, as here, the plaintiff attempted to avoid the limitation of liability clause of Orkin's contract by charging negligence, a tort. The court, however, dismissed that claim because "[t]he only duty that the plaintiff [showed] is the duty Orkin owed him as a direct result of the contract." *Smith v. Orkin Exterminating Co., Inc.*, 791 F.Supp. at 1143. The court explained:

> It is axiomatic that a single act or course of conduct may constitute not only a breach of contract but an independent tort as well, if in addition to violating a contract obligation it also violates a duty owed to plaintiff independent of the contract to avoid harming him. Such independent harm may be found because of the relationship between the parties, or because of defendant's calling or because of the nature of the harm.

\* \* \* \* \* \*

> However, not all breaches of contract are also independent torts: "... where defendant's negligence ends merely in nonperformance of the contract and where defendant is not under any recognized duty to act apart from contract, the courts generally still see no duty to act affirmatively except the duty based on—and limited by—defendant's consent."

*Id.* (quoting *Orkin Exterminating Co. v. Stevens*, 130 Ga.App. 363, 203 S.E.2d 587, 590–91 (1973)). The court concluded:

> The complaint avers that the defendant negligently failed to treat and cure the infestation, and that it negligently failed to prevent reinfestation. Neither of these duties did the defendant owe to the plaintiff outside the contract provisions.... In allegedly failing to perform those duties, the defendant merely breached the terms of the contract, the remedies for which are permissibly limited by the contract language itself.

*Id.* at 1144.[6] In the case at bar, plaintiff charges that Orkin "negligently breached [its] contract and negligently failed to treat her house properly." Just as in *Smith*, the negligence which plaintiff attributes to Orkin stems directly from the duties imposed by the contract, not from any duty owed to plaintiff independent of the contract. It must be concluded, then, that Orkin "merely breached the terms of the contract, the remedies for which are permissibly limited by the contract language itself." *Id.*

■ Plaintiff's final claim in this action is a claim for an unidentified "independent intentional tort," for which she asserts she is

---

**5.** In this vein, the court notes that Orkin has represented, through the affidavit of its branch manager, Minor Harwell, that it is willing and able to re-treat plaintiff's home at any time there is more termite activity, and the court finds, therefore, that Orkin is abiding by the remedial terms of its contract.

**6.** In an unpublished opinion affirming *Smith*, the Fifth Circuit agreed with the district court's analysis, stating, "In allegedly failing to perform its duties under the [termite] agreement, the defendant merely breached the terms of the contract, the remedies for which are permissibly limited by the contract language itself. Under the circumstances here, the plaintiff has no negligence claim." No. 90–1979, slip op. at 3 (5th Cir. Sept. 6, 1991).

entitled to damages for emotional distress.[7] However, the facts alleged by plaintiff disclose no tort, intentional or otherwise, that is independent of the parties' contract. Though she certainly characterizes Orkin's conduct as intentional, plaintiff complains only of defendant's failure to properly perform its contract. Again, Orkin's only duty to the plaintiff arises from the contract, and nothing in the facts plaintiff has alleged suggests any act by Orkin or its agents which arises to the level of an *independent* intentional tort which would allow plaintiff to recover in tort. Because plaintiff's claim against defendant is controlled by their contract, under which the court has found Orkin's liability for damage to plaintiff's home is permissibly limited, this claim will also be dismissed.[8]

For the foregoing reasons, it is ordered that Orkin's motion for summary judgment motion is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

---

**7.** Plaintiff has also premised her claim for emotional distress damages, in part, on her allegation of negligent breach of contract. The Mississippi Supreme Court has held that "a plaintiff may recover for emotional injury proximately resulting from negligent conduct, provided only that the injury was reasonably foreseeable by the defendant." *Strickland v. Rossini,* 589 So.2d 1268, 1275 (Miss.1991). Here, however, because plaintiff's negligence claim is rooted in her contract with Orkin, a contract which expressly limits the plaintiff's remedy in the event of a breach, the principle espoused in *Strickland* has no applicability.

**8.** Because defendant's limitation of remedies clause is valid and enforceable, and because plaintiff has no viable claim in tort, there is obviously no basis for the recovery of punitive damages.