**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 95-60059
Summary Calendar

CAROLYN G. PALMER,

Plaintiff-Appellant,

versus

ORKIN EXTERMINATING COMPANY, INC.
and MINOR HARWELL,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi
(4:94-CV-2)

November 2, 1995

Before GARWOOD, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Carolyn G. Palmer appeals from the district court's denial of her motion for remand and from its subsequent grant of summary judgment for Orkin Exterminating Company, Inc. (Orkin). Adopting both the conclusions and the reasoning of the district court, we affirm.

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

FACTS AND PROCEEDINGS

In April 1989, Palmer discovered termites in her Mississippi home and approached Orkin for information on its exterminating services. Palmer and Orkin thereafter signed a "Subterranean Termite Agreement" (the Agreement), which provided for an initial termiticide treatment of Palmer's home, to be followed by the assignment of a "Limited Lifetime Retreatment Guarantee" (the Guarantee). Orkin completed its initial treatment of Palmer's home within the month and promptly issued her Guarantee.

Orkin was less than successful in its first attempt to solve Palmer's infestation problems. "Swarming" termites resurfaced periodically for a period of more than four years. Palmer repeatedly notified Orkin of the insects' reemergence, and Orkin technicians responded without fail to each of Palmer's calls for retreatment. Nonetheless, their efforts continually proved unsuccessful. Palmer ultimately contacted Mississippi State Department of Agriculture officials, who inspected her house and determined various deficiencies, under state regulations, in Orkin's treatment. Orkin complied with the officials' recommendations; and as of June 1993, the termites were completely eradicated. Palmer alleges, however, that by then her house had become uninhabitable.

In December 1993, Palmer filed suit against Orkin and Minor Harwell, an Orkin employee, in a Mississippi state court. Orkin and Harwell removed the case to a federal district court, alleging

that Harwell had been fraudulently joined to defeat federal diversity jurisdiction.[1]  The district court denied a motion by Palmer to remand the case to state court, dismissed Harwell from the suit, and retained diversity jurisdiction.  Several months later, after extensive discovery had been conducted by both parties, the district court granted Orkin's motion for summary judgment and dismissed the case with prejudice.

Palmer timely filed a notice of appeal, expressing that she was appealing from the district court's grant of summary judgment for Orkin and its entry of final judgment.  Even though, in her appellate brief, Palmer also contends that the district court erred by dismissing Harwell and refusing to remand the case, those rulings were not mentioned in her notice of appeal.

II.

ANALYSIS

A.  APPELLATE JURISDICTION

Before addressing the merits of Palmer's appeal, we must examine a contention by Orkin that we have no appellate jurisdiction to hear Palmer's claims concerning Harwell's dismissal and the district court's refusal to remand.  Orkin argues that, as Palmer's notice of appeal designated only an appeal from Orkin's motion for summary judgment and the entry of final judgment, we cannot entertain her challenges to the court's dismissal of Harwell and refusal to remand, being matters not identified in her notice

_____

[1]Palmer and Harwell are Mississippi state citizens; the Orkin corporation is domiciled in Georgia.

3

of appeal.

It is true that appellants who enumerate particular holdings in notices of appeal typically cannot later raise additional rulings for our evaluation.[2] Our capacity to review the invocation of subject matter jurisdiction over a case, however, is independent of any action--or omission--by the parties.  Even if federal jurisdiction had <u>never</u> been questioned in the district court or on appeal, we would be obliged to raise the issue sua sponte:[3] "Because we may not proceed without requisite jurisdiction, it is incumbent upon federal courts--trial and appellate--to constantly examine the basis of jurisdiction, <u>doing so on our own motion if necessary</u>."[4]  Thus, we have not only the authority, but also the duty, to review the district court's assumption of diversity jurisdiction, regardless of the contents of Palmer's notice of appeal.

B.  MERITS

Having disposed of Orkin's argument regarding the scope of Palmer's appeal, we turn now to the merits of her challenges to the

---

[2]<u>See</u> <u>Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.</u>, 30 F.3d 627 (5th Cir. 1994); <u>NCNB Texas National Bank v. FDIC</u>, 11 F.3d 1260 (5th Cir. 1994); <u>Pope v. MCI Telecommunications Corporation</u>, 937 F.2d 258 (5th Cir. 1991), <u>cert. denied</u>, 504 U.S. 916 (1992); <u>Ingraham v. U.S.</u>, 808 F.2d 1075 (5th Cir. 1987).

[3]<u>See</u> <u>Beers v. North American Van Lines, Inc.</u>, 836 F.2d 910, 912 (5th Cir. 1988).

[4]<u>Save the Bay, Inc. v. United States Army</u>, 639 F.2d 1100, 1102 (5th Cir. Feb. 1981)(emphasis added); <u>see also</u> FED. R. CIV. P. 12(h)(3); <u>Trizec Properties, Inc. v. U.S. Mineral Products</u>, 974 F.2d 602 (5th Cir. 1992); <u>Beers</u>, 836 F.2d at 912.

district court's refusal to remand the case and to its grant of summary judgment for Orkin, reviewing each determination de novo.[5] After carefully evaluating the record on appeal, the arguments of the parties in their briefs to this court, and the applicable law, we are convinced that district court "got it right." Accordingly, we incorporate by reference (1) the unpublished opinion of the district court dismissing Harwell and denying Palmer's motion to remand, a copy of which opinion we annex hereto, and (2) the district court's published opinion granting summary judgment for Orkin.[6] We affirm in all respects the rulings of the district court and the reasons given by the district court for those rulings.

AFFIRMED.

---

[5]See NCNB, 11 F.3d at 1264 (applying de novo review to grant of summary judgment); Carriere v. Sears, Roebuck and Co., 893 F.2d 98 (5th Cir.) (applying de novo review to district court's dismissal of nondiverse defendants and denial of plaintiff's motion to remand), cert denied, 111 S. Ct. 60 (1990).

[6]Palmer v. Orkin Exterminating Company, Inc., 871 F.Supp. 912 (S.D. Miss. 1994).