**Evelyn GROTH, Plaintiff,**

v.

**ORKIN EXTERMINATING CO., INC.,
a foreign corporation licensed to do
business in Illinois, Defendant.**

**No. 94–3112.**

United States District Court,
C.D. Illinois,
Springfield Division.

Dec. 18, 1995.

Patricia L. Hayes, Springfield, IL, for plaintiff.

Fred C. Prillaman, Patrick D. Shaw, Springfield, IL, for defendant.

## OPINION

RICHARD MILLS, District Judge:

Termites.

Orkin asks for summary judgment.

Allowed.

## I. BACKGROUND

The Amended Complaint alleges that Plaintiff, Evelyn Groth, and Orkin Exterminating Company, Inc. (Orkin) entered into a written contract to treat Groth's home for termites. The dispute is over whether Orkin promised to repair any termite damage to Groth's home that occurred subsequent to the treatment or whether Orkin only promised to retreat the home for termites if the treatment did not kill all the insects.

The relevant facts are not in dispute. In 1989, Groth noticed termites on her property. She called Orkin as soon as she could, hoping that chemical treatment would prevent any termite damage. When the Orkin man came to Mrs. Groth's house, she signed a contract for services. After entering into the contract, Orkin provided the initial treatment of Groth's home. Orkin re-treated the home in August 1989, March 1993, February 1994, and April 1995.

The contract is structured so that Orkin provides an initial termite treatment and then, for an annual fee, agrees to provide certain further services. Groth paid Orkin $721.00 for the initial treatment and $72.00 for a "Continuous Protection Guarantee."

The standard form contract provided by Orkin includes four guarantee options. Each type of guarantee entitles the customer to a different level of service. The type of guarantee purchased is designated by placing a mark in a particular spot on the form contract.

The form contract is printed on the front and back of a single sheet of paper. The front of the contract contains two columns of text. Groth's name and address and the date of the contract appear at the top of the left-hand column. Underneath that information is a section entitled "Orkin Continuous Protection Guarantee." The heading is in large, bold capital letters. Underneath the heading the following four lines of text appear, each in bold type:

[ ] Full Renewable Subterranean Termite Home Ownership Repair Guarantee (OR)

[ ] Limited Lifetime Renewable Subterranean Termite Re–Treatment Guarantee (LC)

[ ] Pretreat Guarantee (PO) (Same as OR)

[ ] No Guarantee Issued

Immediately below those four lines the following text appears:

> IMPORTANT: Please refer to the back of this page for the explanation of the Guarantee to be issued.

On the Groth/Orkin contract, the box next to the words "Limited Lifetime Renewable Subterranean Termite Re–Treatment Guarantee (LC)" contains a handwritten checkmark.

On the back of the contract is the following description of the limited lifetime renewable subterranean re-treatment guarantee (LC):

> Subject to the limitations and restrictions set forth in this agreement, specifically including the General Terms and Conditions below, ORKIN will issue to me a Re–Treatment Guarantee which obligates ORKIN, at no extra cost to me, to apply any necessary additional treatment to my building if an infestation of Subterranean Termites is found during the effective period of my Guarantee. I understand that ORKIN's obligation under this Guarantee is limited to re-treatment only. I expressly release ORKIN from any obligations to repair any damage to my building or its contents caused by an infestation of Subterranean termites. This Guarantee is transferable to a subsequent owner of the premises.

Below the description of the re-treatment guarantee is a list of "General terms and Conditions." The final condition, printed in large, bold capital letters is that:

> THIS CONTRACT, THE ATTACHED INSPECTION/TREATING REPORT, IF ISSUED AND THE WOODEN FLOOR REMOVAL AGREEMENT, IF ANY, ALL TOGETHER MAKE UP MY COMPLETE AGREEMENT WITH ORKIN AND THAT THIS AGREEMENT MAY NOT BE CHANGED IN ANY WAY BY ANY REPRESENTATIVE OF ORKIN OR ME UNLESS IT IS CHANGED IN WRITING AND SIGNED BY A CORPORATE OFFICER OF ORKIN EXTERMINATING COMPANY, INC. I HAVE HAD NO REPRESENTATIONS OR INDUCEMENTS MADE TO ME EXCEPT WHAT IS WRITTEN IN THIS AGREEMENT AND ORKIN AND I WILL BE BOUND ONLY BY ITS WRITTEN TERMS.

Additional cautions to the customer appear on the front of the contract, directly above the place where the customer signs.

> NOTICE TO BUYER (FOR CONSUMER CONTRACTS ONLY)
>
> 1. I AM ENTITLED TO AN EXACT, SIGNED COPY OF THIS AGREEMENT.
>
> \* \* \* \* \* \*
>
> 3. BUYER'S RIGHT TO CANCEL—I MAY CANCEL THIS TRANSACTION AT ANY TIME PRIOR TO MIDNIGHT OF THE THIRD BUSINESS DAY AFTER THE DATE OF THIS TRANSACTION. SEE ATTACHED NOTICE OF CANCELLATION FORM FOR AN EXPLANATION OF THIS RIGHT.
>
> 4. CAUTION—IT IS IMPORTANT THAT I THOROUGHLY READ THIS AGREEMENT BEFORE I SIGN IT. I WILL NOT SIGN THIS AGREEMENT BEFORE I READ IT OR IF IT CONTAINS BLANK SPACE. I WILL KEEP IT TO PROTECT MY LEGAL RIGHTS.

It is not disputed that Groth's home has suffered some termite damage, although the extent of that damage, and the time at which it occurred, is unclear. After her efforts to get Orkin to repair the termite damage failed, Groth sued Orkin in state court alleging that Orkin warranted in writing against any damage caused by termites. Orkin removed the case to this Court and Groth amended the Complaint. The Amended Complaint alleges the same breach of contract, and incorporates the written contract as proof of Orkin's obligations.

**1152**

## II. SUMMARY JUDGMENT

Under Fed.R.Civ.P. 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Black v. Henry Pratt Co.*, 778 F.2d 1278, 1281 (7th Cir.1985). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2507, 91 L.Ed.2d 202 (1986). Unquestionably, in determining whether a genuine issue of material facts exists, the evidence is to be taken in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Howland v. Kilquist*, 833 F.2d 639 (7th Cir.1987). "A scintilla of evidence in support of the nonmovant's position is insufficient to successfully oppose summary judgment; 'there must be evidence on which the jury could reasonably find for the [nonmoving party].'" *Brownell v. Figel*, 950 F.2d 1285 (7th Cir. 1991) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)).

## III. ANALYSIS

This is a contract case. But contract law provides Groth no recovery.

Orkin moves for summary judgment because it believes the plain language of the contract precludes Groth from receiving the

damages she wants or—in the alternative—because Groth cannot prove damages.

The Court need not address Orkin's alternative argument because the Court finds that the unambiguous language of the written contract precludes the relief Groth seeks. Groth has presented no viable legal theory under which she may avoid the language of the contract.[1] Groth argues that the contract does not waive Orkin's liability for repair of Groth's home because it is ambiguous and was superseded by various oral representations about additional guaranties.

■ Under Illinois law, the unambiguous terms of a written contract govern the rights of the parties to the contract. *See GNB Battery Technologies, Inc. v. Gould, Inc.*, 65 F.3d 615, 622 (7th Cir.1995). In this case, the parties' agreement is governed by a written contract entered into on or about May 17, 1989. That contract is incorporated into the Amended Complaint, and Plaintiff has repeatedly admitted its validity.

■ The written contract is unambiguous. Plaintiff argues that the contract is ambiguous because the checkmark designating which guarantee she purchased is not directly in the center of the appropriate box. This argument fails, however, because Groth admitted in her deposition that the checkmark is placed next to the language "limited lifetime subterranean termite re-treatment guarantee." Groth also argues that *Fuller v. Orkin Exterminating Co.*, 545 S.W.2d 103 (Tenn.Ct.App.1975), mandates a finding of ambiguity. In *Fuller*, however, the contract was truly ambiguous. The contract labeled the two different guarantees as "Lifetime Control" and "Lifetime Control and Repair" on the front of the contract but "failed intentionally to define clearly the difference in the two termite guarantees on the back side of the contract." *Id.* at 107. The contract at issue in this case does not contain the same ambiguity.

The Court finds that the contract at issue in this case is unambiguous. Therefore, the

---

1. Groth sought to amend the Complaint after Defendant moved for summary judgment. The Court denied the motion for leave to amend for numerous reasons. The proffered amendment would have added a count under The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1–505/12 (Smith–Hurd 1993 & Supp.1995). That statute might have provided a viable avenue of relief.

Court must apply the terms of the contract to determine the rights of the parties. Numerous courts have found in favor of Orkin in cases similar to this one. *See, e.g., Palmer v. Orkin Exterminating Co.,* 871 F.Supp. 912, 913 (S.D.Miss.1994) ("The weight of authority upholds Orkin's limitation of remedies clause."); *Harmon v. Orkin Exterminating Co.,* 794 F.Supp. 589, 590–91 (W.D.Va.1992) ("The clear, unambiguous language of the contract precludes the plaintiffs from recovering the damages which they seek in the present action."); *Smith v. Orkin Exterminating Co.,* 791 F.Supp. 1137, 1142 (S.D.Miss. 1990) ("Clearly, the service contract confines the recovery to reinspection and refumigation in the event of reinfestation. This the defendant, offered to do, and this is all defendant is legally required to do."); *Johnson v. Orkin Exterminating Co.,* 746 F.Supp. 627, 630 (E.D.La.1990) ("Under the express and unambiguous terms of the Agreement entered into between the parties, Orkin's liability in the event that termites were discovered was limited to re-treatment only."); *Orkin Exterminating Co. v. Walters,* 466 N.E.2d 55 (Ind.Ct.App.1984) (rejecting claims of ambiguity and upholding the liability-limiting clause).

The Court finds that these cases reached the correct result. The language of the contract is not susceptible to more than one reasonable interpretation. Groth's arguments that she received an oral warranty and that she was tricked into accepting the re-treatment guarantee fail to defeat the plain language of the contract. The contract specifically excludes all oral warranties and representations. The contract also informs customers of their right to void the contract within three days of signing it. Groth, therefore, had ample opportunity to read the contract and to reconsider her decision. Additionally, she could easily have sought termite protection from another company (as she later did by receiving an estimate from at least one other company). Groth, however, chose to contract with Orkin, and she must live by the terms of that contract.

Plaintiff cites a number of cases that she claims support the proposition that the liability-limiting clause should be ignored. These cases are either distinguishable on their facts, or simply inapplicable. As already noted, *Fuller* involved a different contract—one that was actually ambiguous. 545 S.W.2d at 107. *Orkin Exterminating Co. of South Georgia v. Buchanan,* 108 Ga.App. 449, 133 S.E.2d 635 (1963), simply does not discuss the limitation of liability language at issue in this case. In *Adams v. Orkin Exterminating Co.,* 763 S.W.2d 318 (Mo.Ct.App.1989), the court found that Orkin had never provided the initial treatment, a step necessary to trigger the provisions of the guarantee, including the limitation of liability. Finally, *Perschall v. Raney,* 137 Ill.App.3d 978, 92 Ill.Dec. 431, 484 N.E.2d 1286 (4th Dist.1985), was not even a contract case.

## IV. CONCLUSION

The relevant facts in this case are undisputed. The parties entered into an unambiguous contract, the terms of which govern their rights and responsibilities. The contract explicitly waives Groth's right to recover for damage to her home as a result of termite infestation. The only recovery Groth is entitled to under the contract is reinspection and re-treatment, as long as she continues to pay the annual fee. Orkin has willingly reinspected and re-treated Groth's home. Because she has received what she contracted for, Groth is not entitled to recover.

One issue remains before the Court in this matter. Orkin has moved to quash a subpoena issued by Groth's attorney, Patricia L. Hayes, one month after the close of discovery. Orkin's attorneys, Fred C. Prillaman and Patrick D. Shaw, allege that Hayes never notified them that she served the subpoena on their client. Orkin has moved for sanctions based on this conduct.

Because the Court will allow Defendant's Motion for Summary Judgment, the motion to Quash is Moot. The question of sanctions, however, is not moot and must be resolved.

The Court will retain jurisdiction over this matter in order to resolve the question of sanctions. Plaintiff has been directed to respond to the Motion to Quash and Motion for Sanctions. When the Court receives the response, the Court will schedule a hearing on the question of sanctions.

*Ergo,* Defendant's Motion for Summary Judgment is ALLOWED.